(No. 19013.—)

THE PARK RIDGE FUEL AND MATERIAL COMPANY *vs.* THE CITY OF PARK RIDGE.—(BERNHARD GRUPE *et al.* Appellants, *vs.* THE PARK RIDGE FUEL AND MATERIAL COMPANY *et al.* Appellees.)

*Opinion filed June 19, 1929*

HENRY L. BLIM, and G. A. BURESH, for appellants.

BRUNDAGE, LANDON & HOLT, and ALBERT A. KRAFT, (FLOYD E. BRITTON, of counsel,) for appellees.

Mr. COMMISSIONER CROW reported this opinion:

A bill in equity was filed in the superior court of Cook county by the Park Ridge Fuel and Material Company, a corporation, against the city of Park Ridge, for an injunction restraining the city from interfering with complainant in the construction of buildings, coal silos, switch-tracks, fences and appurtenances, to be used as a coal and material yard, upon the premises of complainant under the Zoning act and ordinances enacted in pursuance thereof by the city. Bernhard Grupe, Emma Louise Grupe, Paul Kaiser and Rose Kaiser were made defendants to the bill upon their intervening petition. They filed an answer to the bill, and also filed a cross-bill praying for a perpetual injunction restraining complainant in the original bill from erecting the buildings and structures and from operating or maintaining a coal and material yard on the premises. The city of Park Ridge also filed a cross-bill asking the same relief. The cause was heard by the chancellor on the original bill, cross-bills, answers and replications and evidence heard in open court. A decree was entered dismissing the original bill and the cross-bills for want of equity, without an award of costs. All prayed and were allowed appeals to this court, the court certifying that the validity of a municipal ordinance is involved. Neither the defendant city nor the complainant in the original bill has assigned cross-errors or perfected their appeals. That is to say, errors are assigned only by the individuals made parties defendant to the suit by their intervention.

The original bill avers substantially, so far as now deemed material, that complainant is a corporation organized for the purpose of buying, selling, storing and otherwise dealing in coal and other materials; that it purchased the real estate described in the bill of complaint for the purpose of conducting the business of storage and sale of coal and erecting thereon buildings, coal silos for the storage

of coal and other appurtenances to be used in connection with its business; that the establishment and maintenance of the business and the erection of the buildings and appurtenances thereto were not and are not a violation of any ordinance of the city or of any law of this State; that on July 15, 1927, it applied to the city for a permit to erect buildings, coal silos and appurtenances upon its property and exhibited to the city clerk and to the building inspector of the city, plans, specifications and blue-prints of the buildings, silos and other appurtenances; that the plans, specifications and blue-prints conformed to the laws of Illinois and ordinances of the city relating to the structures sought to be erected; that the city clerk and building inspector examined and approved them, and the city clerk on July 15, 1927, issued to complainant a permit accordingly; that complainant thereupon entered upon the construction and erection of the buildings and entered into various contracts therefor; that it was not molested until August 11, 1927, when the office building, garage and barn were substantially completed at a cost of more than $5000, two of the four silos were practically completed and the foundations of the other two completed at a total cost of more than $3000, and other work and labor had been performed and material furnished at a cost of more than $19,000; that on August 11, 1927, the city clerk delivered a notice to Frank Mates, president of complainant, stating that at a special meeting of the city council it was ordered that the work must be discontinued until further notice; that complainant did other work and was stopped at various times until August 18, 1927, when it was stopped from further work by the police officers of the city, and on September 7, 1927, the city council revoked the permit issued to it. The prayer for relief, on the facts stated in the bill, was for an injunction restraining the city from interfering with complainant in the erection and construction of the buildings.

The cross-bill of the intervening defendants charged that the buildings and structures of complainant are in violation of the zoning ordinance adopted by the city on September 12, 1922, and averred that if the court should hold the zoning ordinance of June 29, 1926, a valid ordinance, said buildings and structures are also in violation of that zoning ordinance; prayed that the zoning ordinance adopted by the city on June 29, 1926, may be declared null and void and of no effect; that the zoning ordinance of September 12, 1922, may be declared to be in full force and effect; that the buildings and structures may be decreed to be in violation of the zoning ordinance; and that complainant in the original bill may be perpetually restrained and enjoined from erecting or constructing any buildings or structures for other than residential purposes, from operating and maintaining a coal and material yard upon the premises, and for general relief.

The Park Ridge Fuel and Material Company and Frank Mates filed joint and several answers to the cross-bill of the intervening defendants, the cross-complainants, which admit the ownership and location of their property and its occupancy by residences; aver that they are not advised of the existence of the zoning ordinance of said city adopted in 1922; deny that their buildings and structures are in violation of any zoning ordinances of the city; admit that the city council passed a zoning ordinance June 29, 1926, but deny that the ordinance is invalid, illegal or void; deny that the buildings and structures being erected are in violation of any zoning ordinances of the city now in force; deny that the premises are zoned for residence purposes under any ordinance of the city; aver that cross-complainants are guilty of *laches,* in that they did not bring any action to have the ordinance of June 29, 1926, declared null and void until after cross-defendants had purchased the land and commenced the construction and erection of the buildings and other structures thereon; that cross-complainants

on July 15, 1927, presented to the zoning board of appeals a petition to have the property re-zoned from industrial to residential; that the petition was denied; and that the cross-complainants are bound by the action of the zoning board of appeals and are not in equity entitled to relief.

The substance of the record above stated shows the issues upon which the cause was heard in the superior court so far as necessary to a decision upon this appeal. The evidence shows that complainant contracted to purchase the ground in controversy if the Northwestern Railroad Company would put in a switch-track and the city of Park Ridge would issue a permit for a coal yard on the premises. It had no use for the lot except for that purpose.

As matter of practice, the building commissioner of Park Ridge was the officer who issued building permits. The city clerk, apparently in addition to his other duties, had been acting as building commissioner for some time, and in July, 1927, one Lothrop was appointed and was acting as building commissioner at the time the building permit was issued to complainant. He and the clerk occupied the same room in the city hall as an office. Complainant presented its plans, specifications and blue-prints to Lothrop on July 13, 1927, and requested that they be approved and a building permit issued. Lothrop examined them and declined to approve them on the specific ground that they did not have on them an architect's signature and seal. On July 15 complainant again submitted the plans to Lothrop, having in the meantime procured the architect's signature thereto. Lothrop and the city clerk examined the plans. A question arose as to the size of the water meter. Mates, representing complainant, and Irwin D. Landis, representing the company erecting part of the structures, left the plans with Lothrop and afterward returned and reported the size of meter they would need, and Lothrop directed the clerk to stamp the plans "approved" and give the permit to complainant. The permit is headed, "Building Depart-

ment, City of Park Ridge," contains a printed note, "Not valid unless receipted by the city clerk," and bears the signature of the city clerk under the phrase, "Received the amount [of fees] indicated hereon." The approval stamp affixed to the plans and specifications reads, "Building Department of Park Ridge.—Approved 7-15-27, H. H. P., City Clerk." The city clerk, Halbert H. Porter, testified that he delivered the permit and stamped the plans "approved" at the direction of the building commissioner. The zoning ordinance gives the building commissioner power to issue permits, and that officer had actually been issuing them for several years. Porter testified he had issued about one thousand permits during his term of office as city clerk when he acted also as building commissioner.

Upon the issuance of the permit complainant let contracts for the construction of the buildings and proceeded without interference until August 11, when Porter delivered to complainant a letter ordering it to cease work "on orders from the city council." At that time the office building, garage and barn were nearly completed and two coal silos were nearing completion, at a cost of over $10,000, and complainant had actually expended $28,000 in and about the construction and placing the machinery and equipment on the ground. The total cost of land, construction and equipment which complainant had already paid or contracted for was about $56,000. The actual value of the improvements made on the property in their incomplete form was $10,000. The city authorities first said they wanted to make a survey to see if the buildings were not extending beyond the lot lines. A survey was made and resulted in nothing adverse to complainant, which then resumed construction and was again stopped on August 29, when Mates was arrested. In the meantime appellants had sought the aid of the city council, which referred them to the zoning board of appeals. They presented a petition to that board asking it to re-zone complainant's property from

industrial to residential. The petition was signed by appellants and twenty-three other persons. After a public hearing the board rejected the petition and found that the city should allow complainant to "proceed with the work as set forth in their plans on said property." Appellants took no steps, as provided by the statute, to have that order reviewed. The city thereafter continued to interfere with the work, and complainant filed its bill to restrain the interference. Appellants then sought to intervene, and obtained leave to answer and file a cross-bill, which cross-bill was dismissed for want of equity on the hearing.

The record as presented to this court does not disclose that the decree of the superior court is erroneous. The court had before it the complete records of the city granting complainant the right to erect the structures complained of by appellants, intervenors in that court. If, as contended by appellants by their cross-bill, the lot was residential property under the zoning ordinance of the city, complainant has no right to proceed with the construction of its plant and appurtenances nor to use the plant for the purpose for which it is constructed. On the other hand, if the property was zoned as industrial it has the legal right to proceed unmolested with the construction of its plant.

The crucial question as to the character of the property is determined by the record made by appellants. They were not satisfied with the ruling of the board of appeals on their contention that the property was zoned as other than residential. The board of appeals ruled adversely to their contention that the property be zoned for residences. By section 3 of the act of 1921, as amended by the act of 1923, (Laws of 1923, p. 268; Cahill's Stat. p. 405;) they had a right to have the ruling of the board of appeals reviewed by petition to the circuit court on *certiorari*. Upon such review the court is given power to hear the entire matter *de novo,* or appoint a referee to hear it and report with findings of fact and conclusion of law, which shall

constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review. The liberality of review is a departure from that allowed by common law proceedings on *certiorari* to administrative boards. *Hughes* v. *Board of Appeals,* 325 Ill. 109.

The law-making power of the State recognizes the importance of the subject of zoning, and therefore the necessity for explicit provisions for putting into effect the system and protecting the rights of everyone. No rights exist and no powers are conferred except by the statute. The board of appeals is given power, when there are practical difficulties or unnecessary hardships, to vary or modify the application of an ordinance relating to the construction of buildings or the use of the land so that the spirit of the ordinance shall be observed, public safety secured and substantial justice done. (*Gammon Co.* v. *Standard Trust and Savings Bank,* 327 Ill. 489.) If the board makes a mistake or if the parties are not satisfied with its determination its decision is subject to review by *certiorari,* to be heard and determined with more ample power than that possessed by a court of equity. (Zoning act, sec. 3, *supra.*) But the proceeding is statutory, relating to a purely statutory matter, and must be strictly pursued. By section 3*a* of the act passed in 1925, appeals and writs of error lie to review the decision of the circuit court, subject to the limitations of the Practice act. The appellants here, after the decision adverse to them and their contention by the board of appeals, failed to pursue their statutory remedy by *certiorari* and by further appeal, and are now precluded from asserting it in this proceeding. *Deynzer* v. *City of Evanston,* 319 Ill. 226; *City of Aurora* v. *Burns,* id. 84.

Cross-errors have not been assigned. Other questions have been argued, but they are not necessary to a decision of the case presented by the record. If the zoning board

of appeals erred, its decision is final unless reviewed in the statutory manner. Appellants cannot have it reviewed in this proceeding in equity.

The decree of the superior court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*