In the Matter of the Application of CAULWAL CONSTRUCTION COMPANY, Petitioner, for a Certiorari Order against EDWARD P. BURWELL, Superintendent of Buildings, Borough of Queens, New York City, Respondent.

Supreme Court, Queens County, March 6, 1930.

*Edward H. Horstman* [*John J. Walsh* of counsel], for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel* [*Paul Livoti* of counsel], for the respondent.

DUNNE, J.   Petitioner seeks herein by way of certiorari to review the action of the superintendent of buildings of the borough of Queens in revoking a permit after having issued same.   The petition itself sets forth that the superintendent's alleged basis for the revocation was that the application contained misstatements of fact which, if correctly stated, would have precluded the issuance of a permit.   Petitioner does not come within the rule laid down in *City of Buffalo* v. *Chadeayne* (134 N. Y. 163), wherein it was held that once construction has been entered into pursuant to a permit a vested right has been acquired, for here the claim is made that the issuance of the permit was wrongfully secured.   A vested right can never obtain where its inception is procured in fraud. The superintendent has made no return, but has moved to vacate the certiorari order, as he may properly do, on the ground that if it appears on the face of the order that it is insufficient in law, and that a review by certiorari does not lie, the court at Special Term has power to quash the order on the moving papers alone.   (*People ex rel. Miller* v. *Peck*, 73 App. Div. 89; *People ex rel. Hagerty* v. *McClellan*, 107 id. 272.)

Upon petitioner's papers alone I think the motion to vacate the certiorari order must be granted.   Chapter 5, article 1, section 4, subdivision 7 of the Code of Ordinances of the City of New York states as follows: " Revocation. The superintendent of buildings may revoke any permit or approval issued under the provisions of this article, in the case of any false statement, or any misrepresentation as to a material fact in the application on which the permit or approval was based."

Section 718-d of the Greater New York Charter* is, in part, as follows: " The board of standards and appeals shall hear and decide appeals from and review any rule, regulation, amendment or repeal thereof, order, requirement, decision or determination of a superintendent of buildings made under the authority of title two of chapter nine of this act or of any ordinance.   *   *   *."

The petition asserts that though the building superintendent revoked the permit on the ground of false statements in the application, there was in fact no untrue representation.   However, the true situation is not and cannot be before the court at this time. The city charter having provided the proper procedure to follow where the building superintendent has made a determination pursuant to an ordinance, that procedure should be exhausted before the petitioner applies to this court for relief.   (*People ex rel. Werner* v. *Walsh*, 240 N. Y. 689; *People ex rel. Broadway, etc.*, v. *Walsh*, 203 App. Div. 468.)

---

* Added by Laws of 1916, chap. 503, as amd. by Laws of 1917, chap. 601.— [REP.

For the petitioner to pursue the above procedure, the question of revocation will be determined on the merits by the board of standards and appeals. However, to accept petitioner's contention that the action of the building superintendent is final in that " no provision is made by law for an appeal or for relief from the determination of the said superintendent of buildings, except a review by certiorari," is fatal to the present application.

The moving papers allege that the permit was revoked on September 6, 1929, and the order of certiorari was granted January 21, 1930. Section 1288 of the Civil Practice Act recites, in part, as follows: " * * * A certiorari order to review a determination must be granted and served within four calendar months after the determination to be reviewed becomes final and binding, upon the petitioner or the person whom he represents, either in law or in fact." To hold that the action of the superintendent is final and, therefore, subject to review by certiorari, is to deny the application as not being brought within the limitation of time prescribed. To hold that the action of the superintendent is appealable and that the petitioner must first exhaust his remedy before applying for a review by certiorari is to give the petitioner the benefit of whatever determination the board of standards and appeals may deem fit and proper. The court affords the petitioner the latter opportunity.

Application to vacate order of certiorari granted.