CITY OF EAST CHICAGO, INDIANA *v.* SINCLAIR REFINING CO.

[No. 28,794. Filed March 27, 1953. Rehearing denied May 26, 1953.]

*John F. Haller,* City Attorney of East Chicago, *Lloyd C. Cohen,* of East Chicago, *Winslow Van Horne,* of Auburn, and *Willard B. Van Horne, Jr.,* of East Chicago, of counsel, for appellant.

*Allen P. Twyman* and *Joseph J. Wasko,* both of East Chicago and *Eugene M. Hines* and *Donald K. McIntosh,* of Chicago, and *Hays & Hays,* of Indianapolis, of counsel, for appellee.

BOBBITT, J.—Appellee has continuously, since the year 1916, owned and operated within the limits of appellant city an industrial plant for the manufacture and refining of petroleum products. In September of 1919 appellee purchased additional land adjacent to its plant and referred to in the complaint herein as Parcel No. 1 containing 8.118 acres, and Parcel No. 2 containing 24.244 acres, for the sole and only purpose of industrial use in connection with the development and expansion of its industrial plant. The exact location of said Parcels 1 and 2 in relation to surrounding property is best shown by appellee's (plaintiff's) Exhibit 21, which is an aerial photograph of the two parcels of land and abutting and surrounding lands and buildings.

On December 26, 1929 appellant city adopted a zoning ordinance which, by its provisions, classified appellee's Parcel No. 1 for light industrial use and Parcel No. 2 for single-family dwellings. This ordinance was amended in November of 1946 and by this amendment the use classification of Parcel No. 2 was changed from one-family dwellings to two-family dwellings.

Appellee made no effort to use said land until 1945 when it requested of appellant that the restrictions on Parcel No. 2 be changed so as to permit the construction of laboratory buildings, which request was denied. Appellee now desires to erect and construct tanks for the storage of petroleum products on Parcel No. 2, and either such tanks or a railway car and equipment repair shop on Parcel No. 1.

It instituted this action for declaratory judgment to determine the force and effect, if any, of said amendatory zoning ordinance as it relates to the rights of appellee in and to the use of said two parcels of land.

Trial was by the court. Special findings of fact and conclusions of law were requested. Upon the facts specially found the trial court concluded that said ordinance "insofar as it restricts the use" of the two parcels described in the complaint was void because it violated Art. 1 of Sec. 21 of the Constitution of Indiana, and Sec. 1 of the Fourteenth Amendment to the Constitution of the United States; that it was without regard to public health, safety, morals and general welfare insofar as it restricted the use of appellee's two parcels of land, and that said ordinance was not enacted for any of the purposes set out in the statute and was unreasonable insofar as it restricted the use of the two parcels of land to the uses therein defined because "said lands are best suited for heavy industrial use." Judgment was entered declaring the ordinance "void and of

no force and effect insofar as the same affects the use for other than heavy industrial purposes of the plaintiff's [appellee's] land," as described in the complaint.

The sole error here assigned is the overruling of appellant's motion for a new trial. This motion contains thirty-two separate specifications, the first of which is as follows:

"1. The court erred in overruling the defendant's motion for a finding filed at the close of the plaintiff's evidence, which motion was in words and figures as follows, to-wit:

"'At the close of plaintiff's case, and without prejudice to the right of the defendant to offer and introduce evidence in defense thereof, the defendant moves that the court make and enter a finding for the defendant for each of the following reasons, to-wit:

"'1. The plaintiff has not offered any evidence sufficient to sustain a right to a declaratory judgment;

"'2. The plaintiff has not offered any evidence sufficient to establish the authority of this court to entertain this cause;

"'3. The plaintiff, by its chief executive officer appearing in this cause has admitted that plaintiff seeks only a re-classification of the zoning of its property and has not proved that any petition for relief from the terms of Ordinance number 2449, as set forth in the complaint herein was filed with or presented to the Board of Zoning Appeals of the defendant city;

"'4. The plaintiff has not offered sufficient evidence to sustain any allegation of general invalidity of said ordinance 2449 and has not proved that any petition for relief from the classification, zoning, and/or restrictions of said ordinance in regard to the property described in plaintiff's complaint was presented to or filed with the Board of Zoning Appeals of the defendant city;

. . .'"

This motion raised a question of the jurisdiction of the subject matter of the particular case, which was

not waived by the subsequent presentation of evidence by appellant (defendant).

Twelve other reasons are stated in support of the motion, but in view of the conclusion which we have reached we shall confine ourselves to a consideration only of the ones quoted above.

Appellant contends that since appellee sought only to have said ordinance declared unconstitutional and void as it affected and applied to its two parcels of land, it should have pursued and exhausted the administrative remedy provided by statute and the ordinance before seeking a determination of its rights in the courts.

Appellee contends that where the factual situation discloses that there has been a violation of constitutional rights, or that the exercise of the police power is clearly unreasonable, or where it is clearly shown that there is no real relation between the ordinance and its professed object, resort may be had to the courts to test the validity of the ordinance as it applies to one or more parcels of land, without first exhausting any administrative remedies which may be available and adequate.

Appellant relies upon *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, to support its position.

That was also an action for a declaratory judgment seeking to declare a zoning ordinance of the city of South Bend, Indiana, unconstitutional insofar as it restricted or related to appellees' real estate. Appellees there sought to use certain real estate which was zoned for residential use for the purpose of building a filling station thereon or, in the alternative, to sell said property to a purchaser to be used for commercial purposes. The complaint *inter alia* alleged that the real estate was not suited for residential purposes and that its value

for commercial use would be four to six times greater than for residential use; and that the ordinance constituted a taking of appellees' property without just compensation in violation of Section 21 of Article 1 of the Indiana Constitution, and the Fourteenth Amendment to the Constitution of the United States.

The overruling of appellants' demurrer in the Marckle case was assigned as an independent error. The memorandum accompanying the demurrer asserted that the complaint was bad because it failed to show that any appeal was taken to the Board of Zoning Appeals or that certiorari was requested of the Circuit Court.

This court, at pages 82, 83 of 215 Ind., said:

"Summarizing the opinions of the Appellate Court in the Ostrom[1] and O'Connor[2] cases and in the Waintrup[3] case, as herein distinguished, *supra*, we find that they are authority for the following rules: (1) A court will not review an exercise of the discretionary powers of a board of zoning appeals unless, of course, there is a clear abuse of discretion; (2) an appeal to the circuit court by way of certiorari is authorized when the board has acted illegally, and this is true even though the illegality arises out of a violation of the petitioner's constitutional rights, so long as it is not claimed that the entire zoning ordinance is invalid; and (3) where it is claimed that the entire zoning ordinance is void the remedy is not by resort to certiorari, but may be asserted by direct action. Applying the rules stated, it is apparent that the appellees have misconceived their remedy. They are not concerned with a modification of the terms of the ordinance as they apply to the district in which their properties are situated, so there was no occasion for them to ask an amendment thereof by the

1. *Civil City of Indianapolis* v. *Ostrom Realty, etc. Co.* (1932), 95 Ind. App. 376, 176 N. E. 246;
2. *O'Connor* v. *Overall Laundry, Inc.* (1934), 98 Ind. App. 29, 183 N. E. 134;
3. *Board of Zoning Appeals of the City of Indianapolis* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N. E. 701.

common council. They claim only that the ordinance, in its application to them, is unreasonable, in that the classification of their real estate for residential rather than commercial uses, deprives them of valuable property rights without due process or just compensation. Their properties are shown to be located at the boundary of a zone district. Their case comes within the terms of that part of section 48-2304, Burns 1933, §11657 Baldwin's 1934, which authorizes the board of zoning appeals to adjust conditions so as to prevent unnecessary hardships. Their complaint should have been directed, in the first instance, to the board of zoning appeals, and if that did not avail, they should have asked a review in the circuit court by way of certiorari."

We think the rules asserted by this court in *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, *supra,* are sound and in keeping with the recognized orderly procedure in the law of zoning.

Acts 1947, ch. 174, §77, p. 571, §53-778, Burns' 1951 Replacement, provides:

"The board of zoning appeals shall:

"1.  Hear and determine appeals from and review any order, requirement, decision or determination made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to sections 56 through 65 [§§53-756—53-766] of this act.

"2.  Permit and authorize exceptions to the district regulations only in the classes of cases or in particular situations as specified in the ordinance.

"3.  Hear and decide special exceptions to the terms of the ordinance upon which the board is required to act under the ordinance.

"4.  Authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement

of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

Ordinance No. 2449 of the City of East Chicago, adopted December 26, 1929, provides:

## "ARTICLE XIV
## "BOARD OF ZONING APPEALS

". . .

"SECTION 3. The Board of Zoning Appeals shall have the following powers and it shall be its duty:

"1. To hear and decide appeals where it is alleged there is error of law in any order, requirement, decision or determination made by the Building Commissioner in the enforcement of this Ordinance.

. . .

"4. To grant a variation in the regulations when a property owner can show that his property was acquired in good faith and where by reason of exceptional narrowness, shallowness, or shape, of a specific piece of property at the time of the effective date of this Ordinance, or where by reason of exceptional topographical conditions or other extraordinary or exceptional situations, the strict application of the terms of this Ordinance actually prohibits or unreasonably restricts the use of his property, and where the Board is satisfied, under the evidence heard before it, that the granting of such variation will alleviate a clearly demonstrable hardship approaching confiscation, as distinguished from a special privilege or convenience sought by the owner; provided, however, that all variations granted under this clause shall be in hormony with the intended spirit and purpose of said Ordinance and shall not constitute a direct and obvious amendment of any district regulations or district boundaries.

. . .

"SECTION 5. Any person or persons, firm or corporation, dissatisfied with the decision and action of the Board of Zoning Appeals may present to the Circuit or Superior Court of Lake County a petition for a writ of certiorari. The procedure for making such appeal shall conform to the requirements of the laws of the State of Indiana authorizing cities to adopt zoning regulations."

Both the statute and the ordinance here involved provide an administrative remedy for persons whose property is unreasonably restricted by the terms of the ordinance or where, owing to special conditions, a literal enforcement of the ordinance will result in unnecessary hardship.

Where, as here, an administrative remedy is provided, it must be exhausted before judicial review may be requested. *Marion Trucking Co.* v. *McDaniel Freight Lines* (1952), 231 Ind. 519, 108 N. E. 2d 884, 885; *State ex rel. Evansville, etc. Lines* v. *Rawlings* (1951), 229 Ind. 552, 559, 99 N. E. 2d 597; *Myers* v. *Bethlehem Shipbldg. Corp.* (1938), 303 U. S. 41, 82 L. ed. 638, 644, 58 S. C. 459; *Stark* v. *Christie* (1941), 179 Md. 276, 19 A. 2d 716, 719; *Sacer Realty Corporation* v. *Archer* (1946), 68 N. Y. S. 2d 277, 279; *Glencoe Lime & Cement Co.* v. *City of St. Louis* (1937), 341 Mo. 689, 108 S. W. 2d 143, 144; Davis, Administrative Law, Primary Jurisdiction, §197, p. 664; Conclusions, §198, p. 673.

Appellee asserts that the holding of the Appellate Court in *Civil City of Indianapolis* v. *Ostrom Realty, etc. Co.* (1932), 95 Ind. App. 376, 176 N. E. 246, *supra,* precludes its use of the administrative remedy in the case at bar, because of the area of the parcels of ground involved.

In that case the Board of Zoning Appeals attempted, upon its own motion, when no petition for variance or

any appeal from any officer or board was pending before it, to reclassify and rezone six separate lots, comprising an entire city block. The Appellate Court there correctly held that the Board had no authority to act in the absence of an appeal from an administrative officer or board charged with the enforcement of the ordinance. The court further held that an attempt to amend or change a whole city block without an ordinance by the common council was not contemplated by the act then in force, and such action was, therefore, void.

We approve the rule that a Board of Zoning Appeals has no authority to act unless its authority to do so has been legally invoked. However, we do not believe that the language used by Judge Kime in the Ostrom case to the effect that a Board of Zoning Appeals cannot, under the guise of a variance, reclassify an entire city block, can be adopted and used as a general rule or measuring stick, to be arbitrarily applied in every case and under all circumstances and conditions, for the purpose of determining what size tract or parcel of land may be considered by the Board of Zoning Appeals under the hardship provisions of the ordinance, or to determine at what particular point it becomes a matter for amendment of the ordinance by the common council.

Each zoning case must be decided upon its own factual situation. *Potts* v. *Board of Adjustment* (1945), 133 N. J. L. 230, 43 A. 2d 850, 854; *Smith* v. *Board of Appeals of Fall River* (1946), 319 Mass. 341, 65 N. E. 2d 547; *Application of Devereux Foundation* (1945), 351 Pa. 478, 41 A. 2d 744, 746; *Arditi Realty Co.* v. *Murdock* (1946), Misc. 67 N. Y. S. 2d 809.

The application of the unnecessary hardship doctrine is not governed solely by the size of the area or the

particular piece of property upon which the unnecessary hardship is imposed. No single factor determines what constitutes unnecessary hardship, but all relevant factors, when taken together, must indicate that the special conditions are such that the property affected cannot reasonably be put to a conforming use because of the limitation imposed upon it by reason of the classification in which it is placed by the terms of the ordinance. *Brackett* v. *Board of Appeal of Building Department* (1942), 311 Mass. 52, 39 N. E. 2d 956; *St. Onge* v. *City of Concord* (1949), 95 N. H. 306, 63 A. 2d 221, 223; *Heffernan* v. *Zoning Board of Review* (1929), 50 R. I. 26, 144 A. 674, 676.

The conditions necessary to establish "unnecessary hardship" were concisely stated in *Otto* v. *Steinhilber* (1939), 282 N. Y. 71, 24 N.. E. 2d 851, at page 853:

"Before the Board may exercise its discretion and grant a variance upon the ground of unnecessary hardship, the record must show that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) that the use to be authorized by the variance will not alter the essential character of the locality."

See also: *Calcagno* v. *Town Board* (1943), 265 App. Div. 687, 41 N. Y. S., 2d 140, affirmed 291 N. Y. 701, 52 N. E. 2d 592; *Court Boulevard* v. *Board of Standards and Appeals* (1947), Misc. 72 N. Y. S. 2d 753.

We approve the rules above stated. In view of appellee's position that the land here in question cannot be made the subject of a variance because of its area, it may be pointed out that the above rules make no

reference to the area or size of the property which may be considered in a variation of the ordinance on the ground of unnecessary hardship.

Courts cannot rezone property. Neither can they lay down any general rule defining the area or size of a particular piece of property which a Board of Zoning Appeals may consider under the unnecessary hardship rule. Each case must be determined on its own merits.

The Board of Zoning Appeals is authorized by statute to grant variances from the terms of the ordinance where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, so long as such action is not contrary to the public interest and the spirit of the ordinance is preserved and substantial justice is done. Whether or not an unnecessary hardship exists is a question of fact to be determined by the Board of Zoning Appeals. *Board of Zoning Appeals* v. *Moyer* (1940), 108 Ind. App. 198, 27 N. E. 2d 905; *Keeling* v. *Board of Zoning Appeals* (1947), 117 Ind. App. 314, 69 N. E. 2d 613.

When a Board of Zoning Appeals grants a variance from the provisions of an ordinance, it merely varies the use to which a certain particular piece of property may be put—it does not rezone the land covered by the variance. In Indiana the power to rezone is vested in the Common Council.

Appellee asserts that *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, *supra,* is in conflict with the holding of the United States Supreme Court in *Euclid* v. *Ambler Realty Co.* (1926), 272 U. S. 365, 71 L. ed. 303, 47 S. Ct. 114, 54 A. L. R. 1016, upon which it relies, because the overruling by the trial court of a motion to dismiss on the ground

that appellee had made no effort to obtain a building permit or apply to the Board of Zoning Appeals for relief and, therefore, the suit was premature, was sustained. That was a suit to enjoin the enforcement of a zoning ordinance and all attempts to impose *any* of the restrictions, limitations or conditions thereof as to appellee's property.

The attack there was directed "not against any specific provision or provisions, but against the ordinance as an entirety." While in the Markle case appellees sought, in an action for declaratory judgment, to have the ordinance declared unconstitutional only insofar as it restricted or related to the use of their real estate, and it was not claimed that the entire ordinance was invalid.

These cases are clearly distinguishable. The Marckle case falls within rule 2 as stated by this court in *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 82, 18 N. E. 2d 764, *supra,* while the Euclid case clearly falls within rule 3.

Appellee further relies upon *Nectow* v. *Cambridge* (1928), 277 U. S. 183, 72 L. ed. 842, 48 S. Ct. 447, where an ordinance of the City of Cambridge, Massachusetts, was directly attacked under circumstances and for the same reasons as are present in the case at bar. However, in that case the question of the failure of the appellant to exhaust the administrative remedy provided, if any, (no mention of such is made in the opinion) before resorting to court action, was not raised. Hence, it is not authority for declining to pursue and exhaust the administrative remedy available to appellee herein.

Appellee cites a number of cases in support of its alleged right to follow the method of procedure which it has elected to pursue herein. Without unnecessarily

extending this opinion by a discussion of these authorities, we believe it sufficient to note that in some of them the question of remedy was not an issue, in others the attack was upon the ordinance as a whole, while others are distinguishable because of the factual situations upon which the decision rests.

In some jurisdictions resort may, under certain circumstances, be had to the courts for a direct attack upon a Zoning Ordinance because of its effect on a particular piece of property without first exhausting any available administrative remedy. However, the factual situation here does not present such a set of circumstances.

The case at bar falls clearly within *City of South Bend* v. *Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, *supra*. As we have said, that was an action for a declaratory judgment to declare the South Bend Zoning Ordinance unconstitutional and void insofar as it restricted or related to the use of three contiguous lots owned by appellees. There, as here, appellees sought only to use their property for a purpose different from the use classification imposed upon it by the ordinance. They alleged, as does appellee herein, that their real estate was not suitable for residential purposes, and that it would be worth several times as much for business purposes; and that the ordinance constituted a taking of their property without just compensation.

The prayer for relief in the Marckle case was that the ordinance be declared unconstitutional insofar as it restricted or related to appellees' (Marckle and others) real estate, while in the case at bar appellee seeks a determination of the force and effect of the ordinance and, if any, its effect upon the use of said parcels 1 and 2 as described in the complaint. The end result sought is the same in both cases. The fact that

one case involved three contiguous lots, the dimensions of which are not mentioned in the opinion, and the other involves two undeveloped parcels of land containing 8.118 and 24.244 acres, respectively, does not, under the issues here involved, distinguish one case from the other as a matter of principle.

Insofar as *City of Indianapolis* v. *Ostrom Realty, etc., Co.* (1932), 95 Ind. App. 376, 176 N. E. 246, *supra,* proposes to restrict the area which may be considered by a Board of Zoning Appeals under the unnecessary hardship rule, it is limited to the particular circumstances of that case.

The factual situation here brings appellee's case within the provisions of §77, of ch. 174, Acts 1947, being §53-778, Burns' 1951 Replacement, *supra,* which authorizes the Board of Zoning Appeals to vary a zoning ordinance to prevent unnecessary hardships which, by the provision of the ordinance, may be imposed upon a particular property.

In seeking a variance, under the circumstances herein, appellee should have applied to the building commissioner for a permit and, if denied, then an appeal from the order of denial should have been prosecuted to the Board of Zoning Appeals and, if dissatisfied with the decision of this Board, then it should have pursued the administrative remedy further by petition for writ of certiorari to the Circuit or Superior Court setting forth, as provided by statute, that the decision of the board was illegal, in whole or in part, and specifying the ground of the illegality. If the order complained of amounted to an invasion of appellee's constitutional rights this question could have been determined by the court on the petition for certiorari, so long as it was not claimed that the entire ordinance was void. *City of South Bend* v.

*Marckle* (1939), 215 Ind. 74, 18 N. E. 2d 764, *supra;*
*People* v. *Calvar Corp.* (1941), 286 N. Y. 419, 69 N.
Y. S. 2d 272, 36 N. E. 2d 644, 136 A. L. R. 1376;
*Goodwin* v. *City of Louisville* (1948), 309 Ky. 11, 215
S. W. 2d 557; *City of Little Rock* v. *Hunter* (1950),
216 Ark. 916, 228 S. W. 2d 58; *Applestein* v. *City of
Baltimore* (1928), 156 Md. 40, 143 A. 666; *Park Ridge
Fuel & Material Co.* v. *City of Park Ridge* (1929), 335
Ill. 509, 167 N. E. 119; *State* v. *Roberson* (1929), 198
N. C. 70, 150 S. E. 674; *Caulwal Const. Co.* v. *Burwell*
(1930), 136 Misc. Rep. 259, 240 N. Y. S. 456; *Towers
Management Corporation* v. *Thatcher* (1936), 271 N.
Y. 94, 2 N. E. 2d 273; *Payne* v. *Borough of Sea Bright*
(1936), 14 N. J. Misc. 756, 187 A. 627; *Provo City* v.
*Claudin* (1936), 91 Utah 60, 63 P. 2d 570; *Home Fuel
Oil Co.* v. *Borough of Glen Rock* (1937), 118 N. J.
Law, 340, 192 A. 516; *Glencoe Lime & Cement Co.* v.
*City of St. Louis* (1937), 341 Mo. 689, 108 S. W. 2d
143, *supra; Washington* v. *City of Dallas* (1942), Tex.
Civ. App. 159 S. W. 2d 579; *Kahl* v. *Consolidated Gas,
Electric Light & Power Co.*, 191 Md. 249, 60 A. 2d 754;
*S. S. Kresge Co.* v. *City of New York* (1949), 194 Misc.
645, 87 N. Y. S. 2d 313, affirmed 275 App. Div. 1036,
92 N. Y. S. 2d 414; *Cleveland Trust Co.* v. *Village of
Brooklyn* (1952), 92 Ohio App. 351, 110 N. E. 2d
440, 448.

The administrative procedure provided by the zoning
statute and which must be followed before recourse
to the courts may be had, insures the benefit of trained
and experienced opinion and judgment in zoning mat-
ters applied to the facts of each particular case. The
Board of Zoning Appeals is not limited to an affirmance
or reversal of the action of the building commissioner
or other administrative officer charged with the en-
forcement of the ordinance, but may use its judgment

and discretion in making such modification of the official's order and attach such conditions and restrictions to the granting of a variance as in its opinion should be made, so that the spirit of the ordinance shall be observed and substantial justice done.

Appellee might also have had relief from its alleged unnecessary hardship by seeking an amendment to the zoning ordinance in the manner provided by Art. XIV thereof. Either of these remedies might have furnished appellee, without resort to the courts, the relief which it is seeking.

For the foregoing reasons the judgment of the trial court is reversed with instructions to sustain appellant's motion for a finding for the defendant at the close of plaintiff's evidence, and for further proceedings not inconsistent with this opinion.[4]

Judgment reversed.

NOTE.—Reported in 111 N. E. 2d 459.

---

4. Rules 2-6 as amended Nov. 30, 1949.