**TIME–LOW CORPORATION, an Indiana Corporation, Appellant (Petitioner Below),**

v.

**CITY OF LaPORTE BOARD OF ZONING APPEALS, Arlo Westphal, Jayne Westphal, William Boklund, and Cathy Boklund, et al., Appellees (Respondents Below).**

No. 46A03–8906–CV–256.

Court of Appeals of Indiana, Third District.

Dec. 18, 1989.

William H. Wagner, John E. Hughes, and Katharine E. Gerken, Hoeppner, Wagner and Evans, Valparaiso, for appellant.

David H. McCain, Sallwasser and McCain, LaPorte, for appellee, City of LaPorte Bd. of Zoning Appeals.

Shaw R. Friedman, Boklund, Yandt and Friedman, P.C., LaPorte, for appellees, Arlo Westphal, Jayne Westpahl, William Boklund and Cathy Boklund, et al.

William E. Hedge, Raelson, Osborn, Roule, Baugher and Hedge, LaPorte, for appellees, William E. Hedge and Mary Hedge.

HOFFMAN, Judge.

Petitioner-appellant Time–Low Corporation appeals the trial court's decision affirming the LaPorte Board of Zoning Appeals.

The facts relevant to this appeal disclose that on November 13, 1987, Time–Low purchased real estate in LaPorte, Indiana upon which a filling station had been operated. This station had for years sold gasoline, petroleum products and did general automotive repair and towing services.

On November 18, 1987, Time–Low obtained a building permit from the City of LaPorte. Time–Low proposed to remodel the building on the Time–Low property to operate a convenience store and to continue the sale of gasoline. Time–Low filed the building plans with the city engineer.

After issuance of the building permit the neighbors of Time–Low appealed the issuance of the building permit. A hearing was held on December 8, 1987 and the Board of Zoning Appeals affirmed the issuance of the building permit limiting the hours in which the convenience store could do business. Consequently Time–Low filed its writ of certiorari with the trial court. The Board's decision was affirmed by the trial court. Time–Low now brings this appeal.

The following issues are raised on appeal:

(1) whether Time–Low's writ of certiorari properly named all adverse parties;

(2) whether the Board properly found that remodeling and a change of use were occurring; and

(3) whether the Board of Zoning Appeals in reviewing the grant of the building permit had the authority to restrict Time–Low's hours of operation.

I.

■ The appellees, specifically the neighbors, the Westphals, the Boklunds, and the Hedges, contend that Time–Low's writ of certiorari should have been dismissed for failure to name each adverse party. They claim there were additional property owners shown on written remonstrances who should have been named as parties pursuant to IND. CODE § 36–7–4–1005 (1988 Ed.). The relevant portion of this section reads:

"(a) On filing a petition for a writ of certiorari with the clerk of the court, the petitioner shall have a notice served by the sheriff of the county on each adverse party, as shown by the record of the appeal in the office of the board of zoning appeals. An adverse party is any property owner who the record of the board of zoning appeals shows had appeared at the hearing before the board in opposition to the petitioner. If the record shows a written remonstrance or other document opposing the request of the petitioner and containing more than three (3) names, the petitioner shall have notice served on the three (3) property owners whose names appear first on the remonstrance or document."

Time–Low submitted the affidavit of Grace Rumely, the secretary of the Board of Zoning Appeals, to the trial court. Ms. Rumely avers in her affidavit that "[t]he record of the appeal in the BZA office concerning the Time–Low Corporation matter on December 8, 1987, does not contain any written remonstrances." Furthermore, the minutes from the meeting do not contain the names of the neighbors that the appellees, the Westphals, the Boklunds, and the Hedges, claim should have been named as parties.

Time–Low was entitled to rely on the record and minutes in the office of the Board of Zoning Appeals. Time–Low ful-

filled the notice requirement of IND. CODE § 36–7–4–1005 (1988 Ed.).

## II.

■ The neighbors appealed the issuance of the building permit claiming that a change in a nonconforming use must be approved by the Board of Zoning Appeals. After a hearing on the appeal the Board of Zoning Appeals held:

"1. The building located at what is commonly known as 1038 Indiana Avenue *may be remodeled,* as provided in the building permit issued by the office of the City Engineer on November 18, 1987; and

2. The previous nonconforming use of the property at 1038 Indiana Avenue as a service station *may be changed* to a convenience store, providing that the hours of operation be limited to 6:00 a.m. to 10:00 p.m." (Emphasis added.)

This Court's standard of review was explained in detail in *Porter County Bd. of Zon. App. v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215:

"We presume that the determination of the Board, as an administrative agency with expertise in zoning matters, is correct. The Board's decision should not be reversed unless it is arbitrary, capricious, or an abuse of discretion. Thus, a reviewing court does not conduct a trial de novo and may not substitute its decision for that of the Board. Too, courts may not make findings for the agency. It is the agency's duty to make the findings. Courts may only review them to determine whether the findings are supported by evidence in the record. Thus, in reviewing the trial court's findings of fact and conclusions of law, we necessarily also review the Board's findings of fact." (Citations omitted.)

The applicable governing sections of the LaPorte Zoning Ordinance supporting the Board's finding read as follows:

"*18.57.030 Change to other nonconforming use.*

A. A nonconforming use may not be changed to any other nonconforming use *without the permission of the board of zoning appeals* regardless of whether or not structural changes are made or required to be made in the building or premises.

B. A nonconforming use changed to a conforming use may not thereafter be changed back to any nonconforming use without the permission of the board of zoning appeals. (Prior code § 29–96)

\* \* \* \* \* \*

*18.57.060 Remodeling, addition to or alteration of existing use.*

A lawful nonconforming use existing at the time of the passage of the ordinance codified in this title shall not be remodeled, added to or structurally altered *without the permission of the board of zoning appeals.* (Prior code § 29–99)"

Appellant contends that it was extending its retail sales into an abandoned service which is permitted under the ordinance and is not a change of use. Appellant refers to the LaPorte Zoning Ordinance § 18.57.020(C) which provides:

"The extension of the use to a portion of a building which portion was arranged or designed for such nonconforming use at the time of the passage of the ordinance codified in this title shall not be deemed the extension of a nonconforming use."

Appellant argues the extension was simply to convert its filling station into a typical 1980's filling station.

However, the evidence in the record reveals that an extensive list of physical changes were to be made by Time–Low including:

(1) removal of two overhead doors on the service bays,

(2) bricking over the area previously used as garage doors,

(3) removal of the two hoists in the service bays,

(4) removal of certain interior walls,

(5) enlargement of the parking area,

(6) placement of siding on the west wall,

(7) addition of new signs,

(8) change in the placement and size of windows, and

(9) addition of lighting that remains on all night.

The previous operation sold only a limited supply of candy bars and pop through

vending machines on the property. However, Time–Low's store will be arranged to accommodate a line of grocery items not previously sold at that location. It is also particularly interesting to note that at the hearing before the Board of Zoning Appeals, Time–Low requested the Board to allow the *change* of a nonconforming use.

The LaPorte Board of Zoning Appeals' finding that a remodeling and change were occurring on Time–Low's property is supported by the evidence in the record. Thus, the change could not be made without the express approval of the Board of Zoning Appeals.

### III.

■ Appellant contends that the Board of Zoning Appeals lacked authority to restrict Time–Low's hours of operation.

The Board's power is defined by IND. CODE § 36–7–4–919(d) (1988 Ed.):

"Upon appeal, the board may reverse, affirm, or modify the order, requirement, decision, or determination appealed from. For this purpose, the board has all the powers of the official, officer, board, or body from which the appeal is taken."

LaPorte's Zoning Ordinance also contains a clause very similar to Indiana's statute. LaPorte Zoning Ordinance 18.72.100(B).

Appellant attempts to restrict the Board's power by claiming that the last sentence in the section of the Indiana statute cited above only confers upon the Board the same powers that the city engineer had. It was from the city engineer, who issued the building permit, that the appeal was taken. Appellant argues that since the city engineer did not have the power to limit Time–Low's hours, the Board of Zoning Appeals did not have the power either.

This reading of Indiana's statute is not persuasive. The last sentence in IND. CODE § 36–7–4–919(d) is not meant to be restrictive of the Board's power, but to expand its power.

The Indiana court interpreted the powers granted to a board of zoning appeals in *City of E. Chicago v. Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N.E.2d 459. Although the court discusses the powers of the board of zoning appeals as they apply to the granting of a variance, the discussion is applicable to this case since the issue is what powers a board of zoning appeals has.

"The administrative procedure provided by the zoning statute and which must be followed before recourse to the courts may be had, insures the benefit of trained and experienced opinion and judgment in zoning matters applied to the facts of each particular case. The Board of Zoning Appeals is not limited to an affirmance or reversal of the action of the building commissioner or other administrative officer charged with the enforcement of the ordinance, *but may use its judgment and discretion in making such modification of the official's order and attach such conditions and restrictions to the granting of a variance as in its opinion should be made, so that the spirit of the ordinance shall be observed and substantial justice done."* (Emphasis added.) 232 Ind. at 313–314, 111 N.E.2d at 459.

The issuance of the building permit was properly appealed to the Board of Zoning Appeals for required authorization for remodeling and changes made to the property. The Board could use its judgment and discretion in making modifications to the city engineer's permit. The Board believed that restricting Time–Low's hours was in the interest of all parties involved and a fair compromise. It examined all relevant factors and listened to the arguments of the neighbors and representatives of Time–Low's new operation. It had the power to restrict the hours in order to ensure that the spirit of the ordinance was observed and substantial justice done.

The LaPorte Board of Zoning Appeals' decision was not arbitrary, capricious, or an abuse of discretion and thus, it is affirmed.

Affirmed.

STATON and MILLER, JJ., concur.