CITY OF SOUTH BEND ET AL. *v.* MARCKLE ET AL.

[No. 27,032.   Filed January 31, 1939.]

Edwin W. Hunter and Harry S. Taylor, for appellants.

Seebirt, Oare & Deahl, for appellees.

SHAKE, J.—The appellees instituted this proceeding under our Uniform Declaratory Judgments Act (ch. 81, Acts 1927, §3-1101, et seq., Burns' Ann. St. 1933, §438, et seq., Baldwin's Ind. St. 1934). The complaint is in a single paragraph and alleges in substance that the appellees are the owners of three contiguous lots located at the southeast corner of the intersection of Diamond Avenue and Lincoln Way West in the city of South Bend, Indiana; that said city has a general zoning ordinance, which is set out in full in the complaint and which purports on its face to have been adopted pursuant to chapter 225, Acts of 1921, and the act amendatory thereof. (Section 48-2301, et seq. Burns 1933, §11654, et seq. Baldwin's 1934.) It is alleged that the appellees' lots are classified for residential purposes by said ordinance; that said Lincoln Way West has approximately 9,940 feet of abutting property, 40% or more of which is classified and used for commercial purposes, including drug stores, grocery stores,

garages, filling stations, a brewery, and other business enterprises, and is a paved thoroughfare approximately 60 feet in width; that it carries double tracks of an electric street railway, and is a part of U. S. Highway 20, over which flows constant traffic, including heavy trucks. It is further charged that said zoning ordinance was subsequently amended so as to authorize the use of other real estate situated at said intersection for commercial purposes, although appellees' real estate continues to be restricted to residential uses; that appellees desire to unite in the mutual use of their real estate for the purpose of erecting thereon a filling station, or, in the alternative, to sell said properties to a purchaser who may wish to use them for commercial purposes; that said real estate is not suited for residential purposes, and that it would be worth from four to six times as much if open to commercial uses; that said ordinance constitutes a taking of appellees' property without just compensation, in violation of section 21 of article 1 of the State Constitution, and the Fourteenth Amendment to the Federal Constitution. The complaint also states that the appellees presented a petition to the city planning commission and the common council of said city, asking that said properties be reclassified so as to permit commercial uses; that no protest was filed by any property owner in opposition to said petition; that notwithstanding, said planning commission recommended in writing that said classification be not changed, and that the common council arbitrarily and unreasonably discriminated against the appellees and refused said requested reclassification. The complaint concludes with a prayer that said zoning ordinance be declared unconstitutional insofar as it restricts or relates to the use of the appellees' real estate, and for all other proper relief.

The appellants demurred to the complaint for want

of facts. The demurrer was overruled and this is assigned as an independent error. The memorandum accompanying the demurrer asserts that the allegations as to the unconstitutionality of the ordinance are insufficient, and that the complaint is also bad because it fails to show that any appeal was taken to the board of zoning appeals, or that certiorari was requested of the circuit court.

Following the ruling on the demurrer, the cause was put at issue by an answer in general denial; there was a jury trial, resulting in a general verdict for the appellees; and the court thereupon pronounced judgment on the verdict to the effect that said zoning ordinance is unconstitutional and void, insofar as it applies to the real estate described in the complaint. This appeal followed, and we shall first consider the sufficiency of the complaint.

Section 48-2303 Burns 1933, §11656 Baldwin's 1934, provides that the owners of 50% or more of the frontage on any street within any zoned district may petition the common council to amend, supplement, or change the regulations prescribed for such district or part thereof. When such a petition is filed the council is required to vote thereon within 90 days. The complaint does not allege a compliance with this section. It is not shown that the petition referred to in the complaint was signed by the owners of any of the frontage on Diamond Avenue or Lincoln Way West other than the appellees, or that appellees owned 50% or more of said frontage. The allegations with reference to the appellees' petition to the city planning commission and the city council do not aid the complaint and may therefore be regarded as surplusage.

In section 48-2304 Burns 1933, §11657 Baldwin's 1934, it is provided, among other things, that the "board of zoning appeals shall hear and determine appeals from and

review any order, requirement, decision or determination, made by an administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to this act, and shall permit and authorize exceptions to and variations from the district regulations in the classes of cases or in particular situations specified in such ordinance, and they shall hear and try all matters referred to them or upon which they are required to pass under any such ordinance of the common council adopted pursuant to this act." Said section further provides that "where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such ordinance, the board of zoning appeals shall have power, in passing upon appeals, or petitions for variance from district regulations to vary or modify any of the rules, regulations or provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured or substantial justice done." The zoning ordinance of the city of South Bend provides that "where there are practical difficulties or unnecessary hardships in complying strictly with the provisions of this ordinance, the Board of Zoning Appeals may, in specific cases, adjust any such condition in harmony with the general purpose and intent of this ordinance so that the public health, safety and general welfare may be secured and substantial justice done."

There are no allegations in the complaint to the effect that appellees ever took or attempted to take any appeal to the board of zoning appeals, or that they ever sought a writ of certiorari from the circuit court. We recall that in oral argument before the bar of this court counsel for the appellees assumed the position that the statute above quoted had been so interpreted by our Appellate Court as to preclude relief to

appellees by way of appeal to the board of zoning appeals. We do not so construe the cases.

In *Civil City of Indianapolis* v. *Ostrom Realty, etc., Co.* (1932), 95 Ind. App. 376, 176 N. E. 246, it was held that a board of zoning appeals had no authority to release certain lots from the building restrictions imposed by a zoning ordinance in the absence of an appeal by an administrative official or board charged with the enforcement of the ordinance, or a petition for a variance from an interested property owner. It was further held that the statutory provisions fixing the jurisdiction of boards of zoning appeals do not authorize such boards to rezone an entire city block under the guise of a variance. The opinion points out that where any considerable change is to be made in a zoning code it must be done by ordinance. The rules announced are not applicable to the case at bar.

*O'Connor* v. *Overall Laundry, Inc.* (1934), 98 Ind. App. 29, 183 N. E. 134, presented a situation where a lessee applied to a building commissioner for permission to remodel a structure. When permission was denied an appeal was taken to the board of zoning appeals. After hearing the evidence the board likewise denied the petition. An application for a writ of certiorari followed, and the superior court reviewed and set aside the decision of the board. The cause was properly reversed by the Appellate Court for the reason that the relief sought by the lessee was specifically prohibited by the terms of the zoning ordinance. The court made it clear, however, that upon a petition for certiorari a court may reverse the decision of a board of zoning appeals that is illegal or contrary to law.

*Board of Zoning Appeals of the City of Indianapolis* v. *Waintrup* (1935), 99 Ind. App. 576, 193 N. E. 701, likewise involved a situation where a property owner applied to a board of zoning appeals for a variance

from the requirements of a zoning ordinance. Upon the denial of a petition there was an application for a writ of certiorari to the circuit court which heard the case and set aside the order of the board. The petition for certiorari stated three grounds for invoking the jurisdiction of the court. *First:* That the strict enforcement of the requirements of the zoning ordinance to the premises would result in a practical difficulty and unnecessary hardship on the appellee. Upon a consideration of this proposition the opinion of the Appellate Court correctly points out that this assignment sought a review of the exercise of a discretionary power of the board and that such discretionary action, unless illegal, is not subject to review. *Second:* It was charged that the action of the board in denying the appeal and application for a variance was arbitrary, capricious, unreasonable, contrary to law, and not warranted by the facts. With respect to this assignment the opinion properly stated that these were mere conclusions of the pleader and that no facts were alleged to sustain them. *Third:* The petition for certiorari assigned that the denial of the appeal and application for a variance by the board of zoning appeals and the strict enforcement of the ordinance was discriminatory and against the rights of the appellees, in violation of section 21, article 1, of the State Constitution, and of the Constitution of the United States.

With reference to the third ground, just stated, the opinion recognizes that a circuit court may review an order of a board of zoning appeals for illegality, but it continues: "Appellant in his petition also alleges that the decision of the board is an invasion of his constitutional rights in that it deprives him of the rights in and to his real estate without due process of law and without just compensation. It is not the act of the appellant (board of zoning appeals)

that deprived him of any use of his property but the act of the common council in passing the ordinance; and, if appellee's rights have been invaded by this ordinance as he claims, his remedy is by an attack upon the ordinance, and not by a proceeding to review the decision of the board of zoning appeals." It must be admitted that the third ground of the court's opinion is misleading and confusing unless it is carefully construed and applied. It appears inconsistent to say that there is a remedy by an application for certiorari to the circuit court when the board of zoning appeals has made an illegal order, but that if the illegality complained of amounts to an invasion of the petitioner's constitutional rights, such an appeal will not lie but the constitutional infringement must be by way of a direct attack on the ordinance. Unconstitutionality is illegality, though illegality may not necessarily embrace unconstitutionality. Upon careful consideration of the court's language, it seems apparent that what was intended to be said was this: that where the invalidity of an ordinance, as a whole, is claimed because of an invasion of constitutional rights, the attack must be direct, and not by way of appeal from a zoning board. This seems sound since, manifestly, one who seeks relief from an unconstitutional ordinance is not restricted to the machinery of the ordinance for his remedy.

If, however, it is claimed that the order of the zoning board is illegal, as applied to the petitioner, though no such claim is asserted against the ordinance as a whole, the alleged illegality can not be asserted in such a manner as to destroy the entire ordinance, but relief to the injured party may be had by way of appeal from the illegal order. And we do not perceive that it would make any difference, so far as the right of certiorari is concerned, if the alleged illegality is based upon the claim that the order of the

zoning board amounts to a violation of the personal or property rights guaranteed by the principles of constitutional law, so long as it is not claimed that the entire ordinance is void.

Summarizing the opinions of the Appellate Court in the Ostrom and O'Connor cases and in the Waintrup case, as herein distinguished, *supra,* we find that they are authority for the following rules: (1) A court will not review an exercise of the discretionary powers of a board of zoning appeals unless, of course, there is a clear abuse of discretion; (2) an appeal to the circuit court by way of certiorari is authorized when the board has acted illegally, and this is true even though the illegality arises out of a violation of the petitioner's constitutional rights, so long as it is not claimed that the entire zoning ordinance is invalid; and (3) where it is claimed that the entire zoning ordinance is void the remedy is not by resort to certiorari, but may be asserted by direct action. Applying the rules stated, it is apparent that the appellees have misconceived their remedy. They are not concerned with a modification of the terms of the ordinance as they apply to the district in which their properties are situated, so there was no occasion for them to ask an amendment thereof by the common council. They claim only that the ordinance, in its application to them, is unreasonable, in that the classification of their real estate for residential rather than commercial uses, deprives them of valuable property rights without due process or just compensation. Their properties are shown to be located at the boundary of a zone district. Their case comes within the terms of that part of section 48-2304 Burns 1933, §11657 Baldwin's 1934, which authorizes the board of zoning appeals to adjust conditions so as to prevent unnecessary hardships. Their complaint should have been directed, in the first in-

stance, to the board of zoning appeals, and if that did not avail, they should have asked a review in the circuit court by way of certiorari. Instead, they have induced the court, by the form of their action, to hold the entire ordinance unconstitutional as applied to their isolated real estate. This is more than they intended or desired. Their only purpose was to have their real estate reclassified as commercial territory, so that they might use it for a filling station. Other provisions of the South Bend zoning ordinance prohibit glue factories, garbage plants, and slaughter houses in commercial districts. It is unthinkable that appellees' properties should be relieved from these restrictions, but such is the effect of the judgment of the court below.

Many cases may be found in the books in which the courts have apparently said that certain zoning ordinances were unconstitutional as applied to specific real estate. We believe that a careful analysis of these decisions will reveal that what was in fact determined was this: that the enforcement of the provisions of the ordinances in the manner attempted was unreasonable or illegal because certain constitutional rights or guarantees were thereby invaded; in other words, that the application of the ordinances, rather than the provisions thereof, was in violation of constitutional rights. If the authorities referred to will admit of the interpretation we have suggested, full protection may be afforded injured property owners without destroying the ordinances, and, too, the anomalous situation is avoided that we find when an ordinance with all of its provisions, good as well as bad, is declared invalid as to a particular parcel of real estate, yet otherwise remains in full force and effect throughout the municipality.

The cause must be reversed for error of the trial court in overruling appellants' demurrer to the complaint. It will not be necessary to consider the other

alleged errors, but we take the liberty to suggest that if the cause is again tried it might be well for counsel to consider whether a jury is proper in a case under the Declaratory Judgments Act and, in any event, whether the issue as to the alleged unconstitutionality of an ordinance may be submitted to a jury as a question of fact in a civil action.

Reversed, with directions to sustain appellants' demurrer to appellees' complaint, and for further proceedings not inconsistent with this opinion.

Roll, J., concurs in the result with an opinion with which Fansler, J., concurs.

### CONCURRING OPINION.

ROLL, J.—I am not in accord with that part of the majority opinion holding in effect that the board of zoning appeals has the power to grant relief under the facts in this case.

The powers of the board of zoning appeals are defined and limited in section 48-2304 Burns 1933, §11657 Baldwin's 1934. It is therein provided:

"Such board of zoning appeals shall hear and determine appeals from and review any order, requirement, decision or determination, made by administrative official or board charged with the enforcement of any ordinance or regulation adopted pursuant to this act, and shall permit and authorize exceptions to and variations from the district regulations in the classes of cases or in particular situations specified in such ordinance, and they shall hear and try all matters referred to them or upon which they are required to pass under any such ordinance of the common council adopted pursuant to this act."

In the latter part of this same section we find the following provision:

"Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinance, the board of zoning

appeals shall have power, in passing upon appeals, or petitions for variance from district regulations to vary or modify any of the rules, regulations or provisions of such ordinance so that the spirit of the ordinance shall be observed, public welfare secured or substantial justice done."

It is from the first above quoted part of the statute that the majority opinion finds authority vested in the board of zoning appeals to grant the relief herein sought.

We think it is manifest from the general purpose underlying any zoning ordinance as well as from the provisions in section 48-2304 (§11657 Baldwin's), *supra,* that the power of the board of zoning appeals to vary the application of the provisions of the ordinance is to be exercised sparingly. The common council is the legislative body of the municipality, and power to enact ordinances is vested in it. It could not delegate the power to pass a general zoning ordinance to the board of zoning appeals, or the power to amend such an ordinance. Such an attempt on the part of the common council to do so would be clearly unconstitutional. I do not think the above quoted statute, properly interpreted, gives to the board any such power. To hold that the board of zoning appeals had jurisdiction and authority to relieve appellees' property from the restrictions imposed by the ordinance here in question would by the same reasoning have authority, upon a proper petition, to relieve adjacent property of such restrictions, and when such power is progressively exercised would result in relieving an entire "use district," or at least the major part thereof, of the restrictions imposed by the ordinance. Such action would amount to a substantial amendment to the ordinance, and it is for this reason that we say that the power of the board of zoning appeals must necessarily be narrow and limited. It has so been held by the Appellate Court of Indiana in

the case of *O'Connor et al.* v. *Overall Laundry, Inc., et al.* (1934), 98 Ind. App. 29, 183 N. E. 134, and this court denied a petition to transfer. It was also held to the same effect in the case of *Anna Prusik et al.* v. *Board of Appeal, etc.* (1927), 262 Mass. 451, 160 N. E. 312.

If we are correct in our construction of the above statute, then appellee is in a position to make a direct attack in a court of law, challenging the constitutionality of this ordinance on the ground that it violates the fourteenth amendment of the Federal Constitution of the United States in that it denies to him the equal protection of the law and takes his property without due compensation.

It is fundamental that individual rights in the ownership of property existed even before the adoption of our constitution. Such right was not created by the constitution, but it does guarantee to its citizens such right. The constitutional provision, that private property shall not be taken for public use without just compensation or without due process of law, must yield to the interest of the public welfare as expressed through the police power of the state, but only then to the extent that such exercise bears a substantial relation to the promotion of public health, safety, morals or general welfare.

It is made to appear in this case and so determined by the trial court that the zoning of appellee's property in the "use district C," which denies to property owners in such "use district" the right to use their property for certain commercial uses, bears no substantial relation to the public health, the public morals, the public safety or public welfare in its proper sense.

In the case of *Nectow* v. *Cambridge* (1928), 277 U. S. 183, 187, 48 S. Ct. 447, the trial court made the following finding:

" 'I am satisfied that the districting of plaintiff's land in a resident district would not promote the

health, safety, convenience and general welfare of the inhabitants of that part of the defendant, City, taking into account the natural development thereof and the character of the district and the resulting benefit to accrue to the whole City and I so find.' "

The Supreme Court said:

"We quite agree with the opinion expressed below, that a court should not set aside the determination of public officials in such a manner unless it is clear that their action has no foundation in reason and is a mere arbitrary or constitutional exercise of power and no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense."

We think the above quotation states the rule applicable to the case at bar and it is supported by numerous authorities, among which are *Euclid* v. *Ambler Realty Company* (1926), 272 U. S. 365, 47 S. Ct. 114; *Forbes* v. *Hubbard et al.* (1932), 348 Ill. 166, 180 N. E. 767; *Washington ex rel.* v. *Roberge* (1928), 278 U. S. 116, 49 S. Ct. 50; *Koch et al.* v. *City of Toledo* (1930), 37 Fed. (2nd) 336.

It is the duty of the court to so construe a statute so as to avoid constitutional objections if possible. To construe the statute here in question, so as to give the board of zoning appeals the power stated in the majority opinion, in my judgment would render the statute unconstitutional, in that it delegated to a ministerial board legislative power. But if we construe the statute as giving to the board of zoning appeals the more limited power to vary from district regulations or provisions of such ordinance, if and when, the enforcement of the strict letter of the ordinance would work unnecessary hardship upon property owners, and to give force and effect to the spirit of the ordinance, then we avoid the constitutional objection above stated, as such slight variations or modifications would not amount to a

change or amendment of the ordinance but would retain and enforce the spirit of the ordinance as written.

We think it was proper for the appellees to present to the court the question of the constitutionality of the ordinance as applied to their property, and, if the evidence was such as to show clearly that the ordinance deprived appellee of his property without due compensation or denied to appellee the equal protection of the law, the court would be justified in holding that the restrictions which so deprived appellee of such constitutional rights would be void as to such property.

The judgment of the court holds that the ordinance herein is void. I think the judgment as entered is too broad, and goes farther than the prayer of the complaint asks and farther than the facts justify. The judgment should only affect plaintiff's property, and as to that property, it should have only relieved it of the unconstitutional restrictions complained of, to-wit, the restriction which denied appellees the right to use their property for the purposes urged.

The record shows that there was a trial by jury and that the judgment of the court was based upon that verdict. While no question is presented as to the validity of a jury trial, for the reason that appellant requested a jury, and therefore could not object thereto, and inasmuch as the verdict of the jury was favorable to appellees, they were also in no position to object on appeal. But such a procedure has no basis in our law of procedure and was clearly unauthorized. The questions here were clearly questions for the court and the judgment should not have been based upon a verdict of a jury. For these reasons I concur in the reversal of this judgment.

Fansler, J., concurs in this opinion.