EDWARD ENGLISH AND MARY JANE ENGLISH *v.* CITY OF
CARMEL, INDIANA; VICTOR VANCAUWENBERGH,
AS BUILDING COMMISSIONER OF THE CITY OF CARMEL,
INDIANA; CITY COUNCIL OF THE CITY OF CARMEL, INDIANA

[No. 2-378A104. Filed October 24, 1978.]

---

*Judith S. Proffitt, Campbell, Kyle & Proffitt,* of Carmel, for appellants.

*Owen S. Kern,* of Indianapolis, for appellees.

SULLIVAN, J. — Edward and Mary Jane English (Landowners) appeal from the dismissal of their complaint filed in the Hamilton Superior Court seeking a mandatory injunction and declaratory judgment against the City of Carmel, Indiana.

, On September 18, 1975, Landowners filed a Petition to Change Zoning Ordinance with the Building Commission of Carmel, seeking to obtain a change in the zoning, of approximately two acres, from "S-2" (single family dwelling) to a "Professional Office Building". The rezoning request was denied by the Town Board of Trustees for the Town of Carmel.

On March 4, 1976, the Landowners filed their complaint in the trial court, alleging that the action of the Board of Trustees was arbitrary and capricious and constituted an unconstitutional taking of property. The City filed a motion to dismiss, asserting that the Landowners, in failing to appeal the denial of the rezoning request to the Board of Zoning Appeals, had not exhausted their administrative remedies.

The Landowners countered that they should not be required to appeal to the Board of Zoning Appeals since the Board cannot grant the relief sought. *See Indiana State Highway Commission v. Zehner* (1977), 174 Ind.App. 176, 366 N.E.2d 697; *Indiana High School Athletic Association v. Raike* (1975), 164 Ind.App. 169, 329 N.E.2d 66.

The Landowners base their argument on the language of the Zoning Ordinance of the City of Carmel, the pertinent portion of which reads as follows:

"The Board may order, following the hearing:

* * *

3. Authorization in specified cases, such as variances (not to change use classification) from the terms of the Zoning Ordinance as will not be contrary to the public interest, where owing to a

special condition, fully demonstrated on the basis of the facts presented, a literal enforcement of the provisions of the Zoning Ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The Landowners interpret this provision as precluding the Board of Zoning Appeals from granting use variances. Such an interpretation, however, derives from a misunderstanding of the distinction between a "variance" and a change in "classification". A modification of the zoning "classification" of a piece of property would require an amendment of the ordinance. The grant of a "variance", on the other hand, contemplates the continuation of the same classification with dispensation to put the property to a nonconforming use. As stated in *City of East Chicago v. Sinclair Refining Co.* (1953), 232 Ind. 295, 309, 111 N.E.2d 459, 465:

> "When a Board of Zoning Appeals grants a variance from the provisions of an ordinance, it merely varies the use to which a certain particular piece of property may be put — it does not rezone the land covered by the variance. In Indiana the power to rezone is vested in the Common Council."

*See also First Church of the Nazarene v. Weaver* (1972), 154 Ind.App. 157, 289 N.E.2d 155.

The ordinance in question expressly provides in clear language that the Board of Zoning Appeals is authorized to grant variances. The qualification, parenthetically inserted, which concerns the changing of "use classification" merely restates Indiana law that the Board cannot amend the ordinance since it is a quasi-judicial rather than legislative body. *Antrim v. Hohlt* (1952), 122 Ind.App. 681, 108 N.E.2d 197.

The pertinent portion of the Landowner's complaint reads as follows:

> "11. That *under the circumstances* a classification of said premise by the said zoning ordinance of the defendants into an S-2 Classification or single family dwelling classification and refusal to classify the premises "Professional Office Building", or allow a professional office building is arbitrary, capricious, unlawful, discriminatory, confiscatory and had no conceivable relation to the health, safety, comfort, morals or general welfare of the City of Carmel, Clay Township, or its inhabitants and there is no reasonable

basis in public welfare requiring the restriction and the resulting loss to the plaintiffs and that *under such circumstances* it constitutes a taking of the plaintiffs' property without due process of law and that the said ordinance *in said application of plaintiffs' property* is therefore unconstitutional and confiscatory, contrary to Article I, § 21 and Article I, § 23 of the Indiana Constitution and the Fifth and Fourteenth Amendments of the Constitution of the United States." (Emphasis supplied).

It is readily apparent that the Landowners are attacking the constitutionality of the ordinance *as applied to them,* rather than challenging the ordinance on its face. In *Town of Homecroft et al. v. MacBeth* (1958), 238 Ind. 57, 67, 148 N.E.2d 563, 568, the court stated:

"Appellants next object that the Board of Zoning Appeals did not have jurisdiction to grant the relief requested by appellee. We have already quoted § 53-778(4), Burns' 1951 Replacement, as to the statutory power of the Board to grant a variance, and it is well settled that an owner who asserts a zoning ordinance is unconstitutional as it applies to his property must first present the issue to the Board of Zoning Appeals. *City of So. Bend v. Marckle* (1939), 215 Ind. 74, 18 N.E.2d 764; *City of E. Chicago v. Sinclair Ref. Co.* (1953), 232 Ind. 295, 111 N.E.2d 459, *supra.* These cases overruled *O'Conner v. Overall Laundry, Inc.* (1933), 98 Ind.App. 29, 183 N.E. 134. The petition for the writ did state a cause of action, and there was no error in overruling the demurrer thereto."[1]

As further stated in *City of East Chicago v. Sinclair Refining Co., supra,* 111 N.E.2d at 467:

---

1. The City also cites *City of South Bend v. Marckle* (1939), 215 Ind. 74, 18 N.E.2d 764, for the proposition that an appeal to the Board of Zoning Appeals is required where petitioner asserts the unconstitutionality of the ordinance as applied to him. The court in *Marckle* stated:

"Applying the rules stated, it is apparent that the appellees have misconceived their remedy. They are not concerned with a modification of the terms of the ordinance as they apply to the district in which their properties are situated, so there was no occasion for them to ask an amendment thereof by the common council. They claim only that the ordinance, in its application to them, is unreasonable, in that the classification of their real estate for residential rather than commercial uses deprives them of valuable property rights without due process or just compensation. Their properties are shown to be located at the boundary of a zone district. Their case comes within the terms of that part of section 48-2304, Burns' 1933, Sec. 11657, Baldwin's Ind.St. 1934, which authorizes the board of zoning appeals to adjust conditions so as to prevent unnecessary hardships. Their complaint should

"The administrative procedure provided by the zoning statute and which must be followed before recourse to the courts may be had, insures the benefit of trained and experienced opinion and judgment in zoning matters applied to the facts of each particular case. The Board of Zoning Appeals is not limited to an affimance or reversal of the action of the building commissioner or other administrative officer charged with the enforcement of the ordinance, but may use its judgment and discretion in making such modification of the official's order and attach such conditions and restrictions to the granting of a variance as in its opinion should be made, so that the spirit of the ordinance shall be observed and substantial justice done." 111 N.E.2d at 467.

The Landowners were required to present their claims to the Board of Zoning Appeals before seeking relief in the trial court. Their complaint was properly dismissed.

The judgment is affirmed.

Buchanan, C.J., and

Miller, J., concur.

NOTE—Reported at 381 N.E.2d 540.

have been directed, in the first instance, to the board of zoning appeals, and if that did not avail, they should have asked a review in the circuit court by way of certiorari. Instead, they have induced the court, by the form of their action, to hold the entire ordinance unconstitutional as applied to their isolated real estate. This is more than they intended or desired." 18 N.E.2d at 767-768.

While the above language in the majority opinion of *Marckle* supports the City's position, two concurring justices, citing *O'Conner v. Overall Laundry, Inc.* (1934), 98 Ind.App. 29, 183 N.E. 134, considered the action to be maintainable in the trial court without appeal to the Zoning Board. However, the majority opinion in *Marckle* was subsequently espoused and *O'Conner v. Overall Laundry, Inc., supra,* expressly overruled in *Town of Homecroft et al. v. MacBeth, supra,* 148 N.E.2d 563.