

**FILED**

Feb 12 2015, 6:58 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEYS FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| James A.L. Buddenbaum | William O. Harrington |
| Travis W. Montgomery | Harrington Law, PC |
| Parr Richey Obremskey Frandsen | Danville, Indiana |
| & Patterson, LLP | |
| Indianapolis, Indiana | |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Town of Pittsboro Advisory Plan Commission and Town of Pittsboro Town Council, | February 12, 2015 |
| | Court of Appeals Cause No. 32A01-1308-PL-363 |
| *Appellants-Defendants,* | Appeal from the Hendricks Superior Court |
| v. | The Honorable Mark A. Smith, Judge |
| Ark Park, LLC, | Cause No. 32D04-1212-PL-142 |
| *Appellee-Plaintiff* | |

**Pyle, Judge**

## Statement of the Case

[1] In this interlocutory appeal, Appellants-Respondents, Town of Pittsboro Advisory Plan Commission ("Plan Commission") and Town of Pittsboro Town Council ("Town Council") (collectively, "the Town"), appeal the trial court's

order that: (1) denied the Town's motion to dismiss Appellee-Petitioner's, Ark Park, LLC ("Ark Park"), claim for judicial review of the Town Council's denial of Ark Park's concept plan for development of real property owned by Ark Park and Ark Park's claims for declaratory judgment; and (2) granted Ark Park's motion for leave to amend its complaint.

[2] Ark Park filed a complaint against the Town, seeking judicial review of the Town Council's zoning decision and requesting a declaratory judgment regarding both the zoning status of Ark Park's property and the constitutionality of a zoning ordinance. Ark Park attached some documents to its complaint but did not file the board record or request an extension of time to file the record within thirty days as required by the applicable judicial review statute. The Town then filed a motion to dismiss Ark Park's claim for judicial review and Ark Park's claims for declaratory judgment. Thereafter, Ark Park filed a motion to amend it complaint. The trial court denied the Town's motion to dismiss, allowed Ark Park to amend its complaint, and gave Ark Park additional time to transmit the board record.

[3] The Town argues that the trial court should have dismissed Ark Park's claim for judicial review because Ark Park failed to timely file the board record or request an extension of time to file that record and because the documents attached to Ark Park's complaint do not support judicial review. The Town also argues that the claims for declaratory judgment should have be dismissed under Trial Rule 12(B)(6) because there was no justiciable controversy regarding Ark Park's zoning classification and because Ark Park's alleged

constitutional claim was merely an attempt to circumvent the judicial review process.

[4] Our Indiana Supreme Court has recently established a bright-line rule that a petitioner seeking judicial review cannot receive consideration of its petition where it has not timely filed the statutorily-defined record. Because Ark Park failed to comply with the statutory requirements concerning the time for filing the board record for judicial review, it was not entitled to judicial review of the Town Council's decision. Thus, we reverse the trial court's denial of the Town's motion to dismiss Ark Park's claim for judicial review.

[5] We also reverse the trial court's denial of the Town's motion to dismiss Ark Park's first claim for declaratory judgment, which sought a zoning status declaration, because Ark Park presented no facts in its complaint on which the trial court could have granted relief under the Declaratory Judgment Act. Additionally, we reverse the trial court's denial of the Town's motion to dismiss Ark Park's second claim for declaratory judgment because Ark Park's claim challenging the constitutionality of a section of a zoning ordinance as applied to its property was not a proper claim for declaratory judgment.

[6] Accordingly, we reverse the trial court's denial of the Town's motion to dismiss and the trial court's grant of Ark Park's motion for leave to file its amended complaint.

[7] We reverse and remand.

## Issue

Whether the trial court erred by denying the Town's motion to dismiss Ark Park's claim for judicial review and claims for declaratory judgment and by granting Ark Park's motion to file an amended complaint.

## Facts

In 2004, the Town Council adopted an ordinance that set forth the zoning for the Town of Pittsboro ("2004 Zoning Ordinance"). This ordinance contained a section—Section 13—relating to a Planned Unit Development ("PUD").[1] A provision in this section explained that one of the purposes of Section 13 was "to provide a means of achieving innovative and creative design and flexibility of development through an alternative zoning procedure when sufficiently justified under the provisions of this Section." (App. 33). Section 13 set forth the specific requirements and process for applying for a PUD, which included, among others, submitting a concept plan and a master plan for the development.

---

[1] A PUD "is a device used to permit amendment of an existing zoning ordinance for a designated property." *Story Bed & Breakfast, LLP v. Brown Cnty. Area Plan Comm'n*, 819 N.E.2d 55, 60 (Ind. 2004) (citing 101A C.J.S. Zoning and Land Planning § 42 at 157 (1979)). "PUDs are designed to allow municipalities to adopt 'a flexible approach to zoning with the opportunity to shift density to developable portions of a property or to mix residential, commercial, and even industrial uses . . . . [T]he [PUD] district, once established, constitutes a separate zoning district in addition to the more conventional types of zoning districts.'" *Id.* (quoting 1 E.C. Yokley, Zoning Law and Practice § 6–1 (4th ed. 2000)).

[10] Ark Park owns 124 acres of real property in Pittsboro ("the Real Estate"). In June 2005, Ark Park filed a petition to rezone the Real Estate to PUD,[2] and it submitted a concept plan pursuant to Section 13 of the 2004 Zoning Ordinance. That same month, the Town Council adopted an ordinance, which amended the 2004 Zoning Ordinance. ("2005 Ordinance"). Within this 2005 Ordinance, the Town Council rezoned Ark Park's Real Estate to a PUD zoning classification and approved Ark Park's concept plan for One West Business Park, which was the name designated to Ark Park's PUD.

[11] As set forth in Section 13.5(C)(4) of the 2004 Zoning Ordinance, approval of Ark Park's concept plan "d[id] not constitute development approval, but authorize[d] submission of a master plan for approval." (App. 41). This section of the ordinance also provided that approval of a concept plan was valid for two years from the date of the Town Council's approval and explained that if a party did not submit an application for a master plan within that two-year period, then that party would be required to resubmit an application for the concept plan.

[12] Approximately seven years after the approval of Ark Park's concept plan, on February 7, 2012, Ark Park submitted a PUD master plan application to the Town Council. Because Ark Park submitted this master plan application more than two years after the approval of its concept plan, Ark Park was required,

_____

2 The Real Estate was previously zoned as Industrial.

pursuant to Section 13(C)(4) of the 2004 Zoning Ordinance, to resubmit its concept plan for approval.

[13] On March 22, 2012, Ark Park submitted another PUD concept plan application ("2012 PUD Concept Plan Application"). On September 25, 2012, after holding a public hearing, the Plan Commission issued a resolution ("Plan Commission's 2012 Resolution), which recommended that Ark Park's 2012 PUD Concept Plan Application be denied because it was "not in the best interest of the entire Town." (App. 77). In its resolution, the Plan Commission recognized that Ark Park's property was zoned PUD. On November 20, 2012, the Town Council, after holding a public meeting, issued a decision to deny Ark Park's 2012 PUD Concept Plan Application ("Town Council's 2012 Decision").

[14] Thereafter, on December 19, 2012, Ark Park filed a complaint against the Town Council and the Plan Commission, seeking both judicial review and declaratory judgment. Specifically, Ark Park asserted four counts: (1) judicial review of the Plan Commission's 2012 Resolution; (2) judicial review of the Town Council's 2012 Decision; (3) declaratory judgment to establish the current zoning classification of the Real Estate; and (4) declaratory judgment to declare that Section 13 of the 2004 Zoning Ordinance was unconstitutional. Ark Park attached copies of various documents as exhibits to its complaint.[3]

---

[3] Ark Park attached copies of the following documents: (1) the legal description of the Real Estate; (2) Section 13 of the 2004 Zoning Ordinance; (3) the 2005 Ordinance; (4) a "Commitment[]" made by Ark Park

Ark Park did not file the board record nor did it request an extension of time to file the board record within thirty days after filing its complaint as required by INDIANA CODE § 36-7-4-1613.

[15] On February 11, 2013, the Town filed a motion to dismiss Ark Park's complaint, arguing, in part, that Ark Park's claims for judicial review should be dismissed because Ark Park had failed to timely transmit "the original or a certified copy of the board record" as required by INDIANA CODE § 36-7-4-1613 and that, pursuant to INDIANA CODE § 36-7-4-1602(b)(4), Ark Park was not entitled to judicial review.[4] The Town also argued that the claims for declaratory judgment should be dismissed under Trial Rule 12(B)(6) because there was no justiciable controversy regarding the Real Estate's zoning classification and because Ark Park's alleged constitutional claim was merely an attempt to circumvent the judicial review process.

[16] On February 14, 2013, Ark Park filed a pleading that included a "partial" response to the Town's motion to dismiss and a motion for leave to file an

---

regarding development of the Real Estate; (5) a "Memorandum of Understanding" between Ark Park and the Town of Pittsboro; (6) Ark Park's 2012 PUD Concept Plan Application; and (7) the Plan Commission's 2012 Resolution. (App. 56, 59). In its complaint, Ark Park stated that it did not have a copy of the Town Council's meeting minutes but stated that it would file an amended complaint once the minutes were approved.

4 In its initial motion to dismiss, the Town argued that Ark Park's failure to timely transmit the board record resulted in a lack of subject matter jurisdiction under Trial Rule 12(B)(1), but, later, the Town simply argued that Ark Park's failure to comply with the statutory requirement for transmitting the board record made Ark Park ineligible for judicial review. Alternatively, the Town also argued that Ark Park's claims for judicial review should be dismissed because the Town Council's denial of Ark Park's 2012 PUD Concept Plan was a "legislative act" and, pursuant to Indiana Code § 36-7-4-1601, was not subject to judicial review.

amended complaint. (App. 99). In its motion, Ark Park argued that its "alleged noncompliance with Indiana Code § 36-7-4-1613(a)" did not require the trial court to dismiss its complaint and that the trial court should allow Ark Park to file an amended complaint pursuant to Trial Rule 15. (App. 103). Ark Park proposed to amend its complaint by attaching an uncertified copy of the Town Council's meeting minutes. That same day, Ark Park sent the Town's attorney a letter, requesting that the Town prepare the board record in accordance with INDIANA CODE § 36-7-4-1613.

[17] Thereafter, on April 15, 2013, Ark Park filed another pleading, which included a response to the Town's motion to dismiss and a second motion for leave to file an amended complaint. In that pleading, Ark Park conceded that Count 1 in its original complaint—which sought judicial review of the Plan Commission's 2012 Resolution—should be dismissed, and it did not include that claim in its proposed amended complaint.

[18] On April 24, 2013, the Town filed a motion to strike Ark Park's proposed amended complaints, arguing that Ark Park's motions for leave to file an amended complaint were improper attempts to circumvent the statutory requirements of INDIANA CODE § 36-7-4-1613 and that Ark Park was not allowed to attempt to cure its failure to timely transmit the board record by amending its complaint. The Town argued that Ark Park's failure to timely transmit the board record resulted in a loss of Ark Park's right to appeal the Town Council's 2012 Decision.

[19] On May 22, 2013, Ark Park filed a motion for a preliminary injunction. In its motion, Ark Park asserted that, on May 21, 2013, the Town Council had adopted an ordinance amending the zoning of the Real Estate from PUD to Highway Business and Residential ("Town Council's 2013 Decision"). Ark Park sought to "enjoin[:] (a) the effectiveness of the re-zoning ordinance adopted on May 21, 2013, and (b) Pittsboro from taking any actions to implement the re-zoning ordinance." (Appellee's App. 9). Ark Park argued that the Town Council's decision to rezone the Real Estate violated its constitutional rights and was arbitrary and capricious.

[20] Then, on June 6, 2013, Ark Park filed a third motion for leave to file an amended complaint, entitled "Plaintiff's Motion for Leave to File First Amended Verified Complaint for Judicial Review, Declaratory Judgment and Permanent Injunction." (Appellee's App. 106). In this proposed amended complaint, Ark Park included its original claims for judicial review of the Town Council's 2012 Decision and claims for declaratory judgment; however, it also added a claim for judicial review of the Town Council's 2013 Decision. That same day, Ark Park also filed a motion for an extension of time to file the board record from the Town Council's 2013 Decision.

[21] On June 10, 2013, the trial court held a hearing on all pending motions, including the Town's motion to dismiss, Ark Park's motions for leave to file an amended complaint, and the Town's motion to strike Ark Park's proposed amended complaints. During the hearing, Ark Park's counsel conceded that Ark Park had not timely filed the board record as required by INDIANA CODE §

36-7-4-1613 and that the copies attached to Ark Park's complaint were "not the complete record[.]" (Tr. 28). Ark Park, however, argued that its failure to timely file the complete board record was not "fatal" and did not require the trial court to dismiss the complaint because the documents attached to its complaint were sufficient for the trial court "to understand what the issue [was]." (Tr. 26, 28).

[22] On June 18, 2013, the trial court entered an order denying the Town's motion to dismiss and granting Ark Park's motion for leave to file an amended complaint ("June 2013 Order"). In its order, the trial court also granted Ark Park an extension of time until August 5, 2013 to file a certified copy of the board record from the Town Council's 2012 Decision.[5]

[23] On June 28, 2013, the Town filed a "Motion to Reconsider in Light of Recently Published Court of Appeals Opinion." (App. 310). In this motion, the Town referenced this Court's opinion in *Howard v. Allen Cnty. Bd. of Zoning Appeals*, in which we interpreted INDIANA CODE § 36-7-4-1613 and held that this statute "require[ed] dismissal [of a petition for judicial review] where no materials supporting judicial review of the petitioner's claim [were] timely filed and an extension of the filing deadline [was] not timely requested[.]" 991 N.E.2d 128, 129 (Ind. Ct. App. 2013). We also clarified that the statute did not allow

---

5 On June 18, 2013, the trial court also issued an "Order Granting [Ark Park] Leave to File First Amended Verified Complaint for Judicial Review, Declaratory Judgment and Permanent Injunction." (App. 5; Appellee's App. 204). The Town did not seek certification of this order for interlocutory appeal.

untimely filing of the board record and did not allow for the granting of an extension if it was not made within the initial thirty-day period, explaining that "[a]fter a filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects." *Id.* at 131-32 (quoting *Corcoran v. State*, 845 N.E.2d 1019, 1022 (Ind. 2006)).

[24]  On July 12, 2013, the Town filed a motion requesting the trial court to certify its June 2013 Order for interlocutory appeal. On August 1, 2013, the trial court denied the Town's motion to reconsider and granted its motion to certify the June 2013 Order. Thereafter, this Court accepted jurisdiction of this interlocutory appeal.

[25]  After the parties submitted their appellate briefs, the Town filed, pursuant to Indiana Appellate Rule 48, a notice of additional authorities, citing to two Indiana Supreme Court opinions—*Teaching Our Posterity Success, Inc. v. Ind. Dep't of Educ.*, 20 N.E.3d 149 (Ind. 2014) and *First Am. Title Ins. Co. v. Robertson*, 19 N.E.3d 757 (Ind. 2014)—that were issued on November 13, 2014. Thereafter, Ark Park moved to strike the Town's notice of additional authorities, and the Town filed a response thereto. We deny Ark Park's motion to strike in an order filed contemporaneously with this opinion. We now review the Town's arguments on appeal.

# Decision

[26]  In this interlocutory appeal, the Town argues that the trial court erred by: (1) denying its motion to dismiss Ark Park's claim for judicial review of the Town

Council's 2012 Decision; and (2) denying its motion to dismiss Ark Park's two claims for declaratory judgment. The Town further contends that because the trial court should have granted the Town's motion to dismiss these claims, then the trial court also erred by granting Ark Park's motion for leave to file an amended complaint.

### 1. Judicial Review

We first address the Town's argument that the trial court erred by failing to dismiss Ark Park's claim for judicial review. The Town argues that Ark Park forfeited any right to judicial review of the Town Council's 2012 Decision because it "failed to timely follow the clear, written procedures set forth in the 1600 Series," which are the statutory provisions regarding judicial review of a zoning decision. (The Town's Br. 10). The Town contends that Ark Park's failure to timely transmit the board record or seek an extension within thirty days of filing its complaint as set forth in INDIANA CODE § 36-7-4-1613 made Ark Park ineligible for judicial review pursuant to INDIANA CODE § 36-7-4-1602(b)(4) and pursuant to this Court's opinion in *Howard*.

"We review de novo a court's ruling on motions to dismiss for failure to timely file necessary agency records where the court ruled on a paper record." *Teaching Our Posterity Success*, 20 N.E.3d at 151. The trial court, here, did not conduct an evidentiary hearing and ruled on the Town's motion based on a paper record; thus, we review de novo the trial court's denial of the Town's motion to dismiss. *See id.*

[29] The Town's motion to dismiss Ark Park's claim for judicial review was based on Ark Park's failure to comply with statutory requirements regarding filing the board record. The statutes pertaining to judicial review of zoning decisions—INDIANA CODE §§ 36-7-4-1600 through -1616—are referred to as the "1600 Series." *See* I.C. 36-7-4-1600. These statutes "establish[] the exclusive means for judicial review of zoning decisions[.]" I.C. § 36-7-4-1601(a).

[30] INDIANA CODE § 36-7-4-1602(a) provides that a petitioner is "entitled" to judicial review of a zoning decision "only" if the petitioner: (1) has standing; (2) has exhausted administrative remedies; (3) has timely filed a petition for review; and (4) has complied with "section 1613 . . . concerning the time for filing the board record for review." Section 1613, in turn, provides that a petitioner seeking judicial review must, within thirty days after filing the petition for judicial review, either transmit "the original or a certified copy of the board record" or request an extension of time to do so. I.C. § 36-7-4-1613. The board record consists of: (1) "any board documents expressing the decision;" (2) "other documents identified by the board as having been considered by the board before its decision and used as a basis for its decision;" and (3) "any other material described in this chapter or other law as the board record for the type of zoning decision at issue, subject to this section." I.C. § 36-7-4-1613(a). That statute directs that the petitioner is to submit a written request to the board so that it can "prepare the board record for the petitioner." I.C. § 36-7-4-1613(c). Finally, Section 1613 provides that a party's "[f]ailure to file the record within the time permitted by this subsection, including any

extension period ordered by the court, is *cause for dismissal* of the petition for review by the court[.]"   I.C. 36-7-4-1613(b) (emphasis added).

[31]   Here, Ark Park filed its complaint containing its claim for judicial review on December 19, 2012.  Consequently, pursuant to INDIANA CODE § 36-7-4-1613, Ark Park had until January 18, 2013 to either transmit "the original or a certified copy of the board record" or seek an extension of time to transmit the board record.  Ark Park did neither by that date.

[32]   Ark Park does not dispute that it failed to timely transmit the board record. Indeed, it "concedes that the record with respect to the 2012 Town Council Decision was not transmitted to the trial court within thirty (30) days of the filing of the Original Complaint as required by Indiana Code § 36-7-4-1613(a)." (Ark Park's Br. 23 n.9).  Despite Ark Park's concession that it failed to comply with the statute, Ark Park contends that it is still entitled to judicial review because the copies of the documents that it attached to its complaint were "sufficient to permit review of the case on the merits[.]"  (Ark Park's Br. 29). We disagree.

[33]   In *Howard*, a panel of this Court interpreted INDIANA CODE § 36-7-4-1613 and held that this statute "require[d] dismissal [of a petition for judicial review] where no materials supporting judicial review of the petitioner's claim are timely filed and an extension of the filing deadline is not timely requested[.]" *Howard*, 991 N.E.2d at 129.  The *Howard* Court stated that a party's failure to timely file a board record was an error of procedure but explained that "[a]fter a

filing deadline has elapsed, a party is not permitted to amend a petition to cure its procedural defects." *Id.* at 131-32 (quoting *Corcoran v. State*, 845 N.E.2d 1019, 1022 (Ind. 2006)).

[34] Our Indiana Supreme Court has interpreted a provision in the Administrative Orders and Procedure Act ("AOPA") statute containing the identical language in the zoning judicial review statute at issue and explained that the "statute places on the petitioner the responsibility to file the agency record timely" and "does not excuse untimely filing or allow *nunc pro tunc* extensions." *Ind. Family & Social Servs. Admin. v. Meyer*, 927 N.E.2d 367, 370 (Ind. 2010) (interpreting I.C. § 4-21.5-5-13).[6]  The *Meyer* Court was, however, evenly divided on the issue of whether a petitioner who fails to timely file the entire agency record can nevertheless obtain judicial review based on documents attached to the petitioner's petition for judicial review.[7]

[35] However, more recently, the Indiana Supreme Court established a consensus on the issue and set forth a "bright-line" rule that a "petitioner for [judicial] review cannot receive consideration of its petition where the statutorily-defined agency record has not been filed." *Teaching Our Posterity Success*, 20 N.E.3d at

---

[6] "Because the judicial review provisions of the 1600 Series are materially identical to their analogs in . . . AOPA. . . , we are compelled to conclude that the legislature had the same intent in enacting both[;]" therefore, we "interpret these respective provisions in the same manner and rely on AOPA case law[.]" *Howard*, 991 N.E.2d at 130.

[7] Only four Justices participated in the decision.

155 (internal footnote omitted). Before setting forth this bright-line approach, the Court discussed the potential for "satellite litigation" and the "unenviable position" of a trial court having to "ascertain blindly whether the documents before it are enough or whether other documents in the official record—to which it does not have access—are relevant to the issues on [judicial] review." *Id.* The Court explained that this "bright-line approach best serves the goals of accuracy, efficiency, and judicial economy." *Id.*

[36] In a companion case, our supreme court applied this bright-line rule and reversed a trial court's denial of a motion to dismiss a petition for judicial review where the petitioner attached documents to its petition for judicial review but failed to timely file a certified agency record. *See Robertson*, 19 N.E.3d at 762-63. The Court explained that the petitioner's failure to file the agency record with the trial court precluded consideration of the petition for judicial review. *See id.* at 763.

[37] Here, Ark Park did not comply with requirements of INDIANA CODE § 36-7-4-1613 for timely transmitting the complete board record. It neither transmitted the board record nor sought an extension to file it within thirty days of filing its complaint for judicial review. Indeed, it did not even submit a written request for the board record until almost sixty days after it filed its complaint. As a result, it is not entitled to judicial review of the Town Council's 2012 Decision. *See Howard*, 991 N.E.2d at 129; *see also* I.C. § 36-7-4-1602 (providing that a petitioner is entitled to judicial review only if it, among other things, "qualifies

under" or complies with INDIANA CODE § 36-7-4-1613 "concerning the time for filing the board record for review").

[38] Additionally, the documents attached to its complaint do not constitute the "board record" as set forth in the judicial review statute and do not serve as a substitute for the board record as prepared by the board. *See* I.C. § 36-7-4-1613. As explained by our Indiana Supreme Court, we will not put our trial courts in the "unenviable position" of trying to "ascertain blindly whether the documents before it are enough or whether other documents in the official record—to which it does not have access—are relevant to the issues on [judicial] review." *See Teaching Our Posterity Success*, 20 N.E.3d at 155 (internal footnote omitted). Because Ark Park has failed to comply with the statutory requirements concerning the time for filing the board record for judicial review of the Town Council's 2012 Decision, we must follow our Indiana Supreme Court's "bright-line" approach and reverse the trial court's order denying the Town's motion to dismiss Ark Park's claim for judicial review. *See id.*; *Robertson*, 19 N.E.3d at 762-63.

### 2. Declaratory Judgment

[39] Next, we address the Town's argument that the trial court erred by denying its motion to dismiss Ark Park's two claims for declaratory judgment under Trial Rule 12(B)(6).

[40] Our Indiana Supreme Court has explained our standard of review when reviewing a trial court's decision on a motion to dismiss under Trial Rule 12(B)(6).

> A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it. Thus, the motion tests whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief. In ruling on a motion to dismiss for failure to state a claim, the trial court is required to view the complaint in the light most favorable to the non-moving party with every inference in its favor. Our review of a trial court's grant or denial of a motion to dismiss based on Trial Rule 12(B)(6) is de novo. Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief.

*Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 308 (Ind. 2012) (internal citations omitted). Thus, "while we do not test the sufficiency of the facts alleged with regards to their adequacy to provide recovery, we do test their sufficiency with regards to whether or not they have stated some factual scenario in which a legally actionable injury has occurred." *Bellows v. Bd. of Comm'rs of Cnty. of Elkhart*, 926 N.E.2d 96, 110 (Ind. Ct. App. 2010).

[41] The Town contends that the trial court erred by denying the Town's motion to dismiss Ark Park's claims for declaratory judgment because there was no justiciable controversy regarding the Real Estate's zoning classification and because Ark Park's alleged constitutional claim was merely an attempt to circumvent the judicial review process.

[42] Turning first to the Town's argument regarding Ark Park's declaratory judgment claim seeking a declaration of its zoning classification, we note that the Declaratory Judgment Act, INDIANA CODE § 34-14-1-2, provides that any "interested" person "whose rights, status, or other legal relations are affected by a . . . municipal ordinance. . . may have determined any question of construction or validity under the . . . ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." The purpose of the Declaratory Judgment Act is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations[.]" I.C. § 34-14-1-12. "The basis of jurisdiction under the Declaratory Judgment Act is the existence of a justiciable controversy or question, which is clearly defined and affects the legal right, the legal status, or the legal relationship of parties having adverse interests." *Trans-Care, Inc. v. Bd. of Comm'rs of Cnty. of Vermillion*, 831 N.E.2d 1255, 1258 (Ind. Ct. App. 2005) (citing *Little Beverage Co., Inc. v. DePrez*, 777 N.E.2d 74, 83 (Ind. Ct. App. 2002), *trans. denied*).

[43] In its complaint, Ark Park alleged that it was "affected" by the 2004 Zoning Ordinance and the section of that ordinance regarding PUDs, Section 13. (App. 22). It asserted that "various and conflicting statements made by the Plan Commission and representatives of the Plan Commission during 2012" had "created uncertainty regarding the status of the zoning of the Real Estate" because some of the statements referred to the zoning as PUD while others referred to it as Industrial. (App. 22-23). Ark Park asserted that these "conflicting statements" included various opinion letters and staff reports from

the Plan Commission, as well as, the Plan Commission's 2012 Resolution. Ark Park then requested that the trial court enter a judgment declaring its zoning classification.

[44] On appeal, as it did in its motion to dismiss, the Town argues that Ark Park's declaratory judgment claim should have been dismissed because Ark Park did not assert any justiciable controversy under the Declaratory Judgment Act in its complaint. We agree.

[45] While Ark Park mentions the 2004 Zoning Ordinance in its complaint, it does not claim that its PUD zoning status for which it sought declaratory judgment had been affected by the ordinance. Instead, it argues that its PUD status may have been affected or made uncertain by the Plan Commission's "conflicting statements." In essence, Ark Park is seeking a determination that its PUD zoning status was changed because of the statements made in the Plan Commission's opinion letters, staff reports, and resolution. However, these statements, even if inconsistent, did not affect or determine Ark Park's PUD zoning status. As set forth in Ark Park's complaint, that zoning status was determined by the 2005 Ordinance, which Ark Park does not challenge.

[46] The Declaratory Judgment Act allows a party to obtain a declaration of rights or status when those are affected by an ordinance, not when they are potentially affected or made uncertain by statements. Because Ark Park has presented no facts on the which the trial court could have granted relief under the Declaratory Judgment Act, the trial court erred by denying the Town's motion

to dismiss this claim. *See, e.g.*, *Union Fed. Sav. Bank v. Chantilly Farms, Inc.* 556 N.E.2d 9, 11 (Ind. Ct. App. 1990) (affirming the trial court's dismissal of a complaint for declaratory judgment where the plaintiff did not present facts that made declaratory relief appropriate).

[47] Lastly, we address the Town's argument that the trial court erred by denying its motion to dismiss Ark Park's declaratory judgment claim that Section 13 of the 2004 Zoning Ordinance was unconstitutional.

[48] In its complaint, when asserting its declaratory judgment claim challenging the constitutionality of Section 13, Ark Park did not refer to any specific federal or state constitutional provision. Instead, Ark Park asserted that Section 13 was "unconstitutionally vague" because the provision regarding resubmitting a concept plan and the provision regarding zoning reversion "create[d] uncertainty regarding the status of the zoning of an applicant's real estate in the event that the prior approval of a concept plan expires[.]" (App. 24). Ark Park also alleged that Section 13 established an "unconstitutional denial of due process" and an "unconstitutional taking of property without just compensation" because the provision regarding resubmitting a concept plan "potentially traps an applicant in the status of having PUD zoning without an approved concept plan." (App. 24). Ark Park requested that the trial court declare Section 13 to be unconstitutional.

[49] The Town argues that the trial court should have dismissed this declaratory judgment claim because Ark Park's challenge to the constitutionality of the

zoning ordinance, which was raised in relation to the Town Council's 2012 Decision to deny Ark Park's 2012 PUD Concept Plan Application, could "only be raised, if at all, pursuant to IND. CODE § 36-7-4-1600, *et seq.*" (The Town's Br. 22). The Town also contends that Ark Park's constitutional claim is not proper for declaratory judgment because Ark Park challenges part of the ordinance as unconstitutional in relation to its property and not unconstitutional in its entirety, and it argues that Ark Park should have raised this constitutional claim as part of its claim for judicial review.

[50] We agree with the Town that Ark Park's claim for declaratory judgment was not the proper method for bringing its specific challenge to the constitutionality of Section 13 of the 2004 Zoning Ordinance. We note that the 1600 Series "establishes the exclusive means for judicial review of zoning decisions[.]" I.C. § 36-7-4-1601(a). Additionally, INDIANA CODE § 36-7-4-1614(d)(2) provides that one way a petitioner may challenge a zoning decision is to show that it is "contrary to constitutional right[.]"

[51] Furthermore, in *Galbraith v. Planning Dep't of City of Anderson*, 627 N.E.2d 850, 853 (Ind. Ct. App. 1994), this Court, in the context of discussing exhaustion of administrative remedies, discussed the proper method for raising a claim that an ordinance is unconstitutional as applied to a petitioner's property. When doing so, we discussed the United States Supreme Court's opinion in *Village of Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365 (1926)—which "held that a plaintiff may seek judicial relief without exhausting administrative procedures if he attacks the constitutionality of the ordinance in its entirety"—in comparison to

our Indiana Supreme Court's cases relating to the issue. *Galbraith*, 627 N.E.2d at 853.

> Although Indiana has never formally adopted the *Euclid* rule, our supreme court has distinguished claims that an entire zoning ordinance is unconstitutional from those where the ordinance is unconstitutional as applied to the petitioner's property. In *City of South Bend v. Marckle* (1939), 215 Ind. 74, 18 N.E.2d 764, the court opined that in the former circumstance the remedy is a direct action, while in the latter the petitioner is required to exhaust his administrative remedies before seeking judicial review "even though the illegality arises out of a violation of the petitioner's constitutional rights." *Id.* at 82, 18 N.E.2d at 767. *Marckle* was cited and harmonized with *Euclid* by our supreme court in *City of East Chicago v. Sinclair Refining Co.* (1953), 232 Ind. 295, 111 N.E.2d 459. "The attack [in *Euclid*] was directed 'not against any specific provision or provisions, but against the ordinance as an entirety.' [In contrast] in the Markle [sic] case appellees sought, in an action for declaratory judgment, to have the ordinance declared unconstitutional only insofar as it restricted or related to the use of their real estate, and it was not claimed that the entire ordinance was invalid." *Id.* at 310, 111 N.E.2d at 465-66. Thus, Indiana law, like its federal counterpart, allows a plaintiff to by-pass administrative procedures when the claim is that a statute is void in its entirety. *See also Indiana Toll Rd. Comm'n v. Jankovich* (1963), 244 Ind. 574, 582, 193 N.E.2d 237, 241.

*Galbraith*, 627 N.E.2d at 853 (bracketed material included in original).

[52] Here, Ark Park's claim for declaratory judgment challenged the constitutionality of one provision (the provision regarding resubmitting a concept plan) of one section (Section 13) of the 2004 Zoning Ordinance based on the Town Council's denial of its 2012 PUD Concept Plan Application. Thus, it is clear that Ark Park is attacking the zoning ordinance as applied to its property as a result of the Town Council's 2012 Decision and that it is not

challenging the ordinance as void in its entirety.  Accordingly, Ark Park's

specific constitutional challenge was not a proper claim for declaratory

judgment.  *See Galbraith*, 627 N.E.2d at 853.  *See also Bd. of Zoning Appeals of City

of Hammond, Lake Cnty. v. Waskelo*, 240 Ind. 594, 596, 168 N.E.2d 72, 73 (1960)

(stating that the issue of whether strict enforcement of a zoning ordinance

would deprive petitioners of their property without due process of law and

render the ordinance unconstitutional as applied was properly considered in a

proceeding for review of the denial of a variance, where the petitioners did not

claim the entire ordinance was void); *Town of Homecroft v. Macbeth*, 238 Ind. 57,

67, 148 N.E.2d 563, 568 (1958) (explaining that "it is well settled that an owner

who asserts a zoning ordinance is unconstitutional as it applies to his property

must first present the issue to the Board of Zoning Appeals") (citing *Marckle*, 18

N.E.2d 764; *Sinclair Ref. Co.*, 111 N.E.2d 459).  *Cf. Town of St. John v. Home

Builders Ass'n of N. Indiana, Inc.*, 428 N.E.2d 1299, 1303 (Ind. Ct. App. 1981)

(explaining that a declaratory judgment action is a proper method to raise a

challenge that an ordinance is unconstitutional in its entirety).[8]  Because Ark

Park did not present facts upon which the trial court could have granted

---

[8] Thus, Ark Park should have raised this constitutional claim as part of Ark Park's petition for judicial review from the Town Council's 2012 Decision.  However, because we have held that Ark Park is not entitled to judicial review from this decision due to its failure to comply with the statutory requirements concerning the time for filing the board record for judicial review, Ark Park, likewise, is not entitled to judicial review of this claim.

declaratory relief, we reverse the trial court's denial of the Town's motion to dismiss this claim.

[53]     In summary, we reverse the trial court's order denying the Town's motion to dismiss Ark Park's claim for judicial review and claims for declaratory judgment and granting Ark Park's motion for leave to file an amended complaint. We recognize that these claims are also contained in Ark Park's Motion for Leave to File First Amended Verified Complaint for Judicial Review, Declaratory Judgment and Permanent Injunction, which the trial court granted Ark Park leave to file. The trial court granted Ark Park leave to file this complaint by issuing an order on June 18, 2013. As noted above, the Town did not seek certification of this order for interlocutory appeal; thus, this order is not before us on appeal. However, because we reverse the trial court's order denying the Town's motion to dismiss these claims, we direct the trial court to strike these claims from Ark Park's complaint.[9]

[54]     Reversed and remanded.

Friedlander, J., and Mathias, J., concur.

---

[9] We acknowledge that this complaint contains a claim for judicial review of the Town Council's 2013 Decision, and we make no comment regarding that claim.